**ROBERT S. SOLA**
Oregon State Bar No. 84454
rssola@msn.com
Robert S. Sola, P.C.
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 295-6880
Facsimile (503) 291-9172
Attorney for Plaintiff Bonnie Magallon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**BONNIE MAGALLON,**
**On behalf of herself and all others similarly situated,**

Plaintiff,

v.

**ROBERT HALF INTERNATIONAL, INC.,**
a foreign corporation,

Defendant.

Civil No. .

CLASS ACTION ALLEGATION COMPLAINT

(Fair Credit Reporting Act)

DEMAND FOR JURY TRIAL

I. Preliminary Statements

1.

This is a consumer class action brought for willful violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Robert Half International, Inc. ("RHI"), a national employment agency.

2.

RHI routinely obtains and uses consumer reports to conduct background checks on prospective employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, including failure to hire.

3.

While the use of consumer reports for employment purposes is not *per se* unlawful, it is subject to strict disclosure requirements under the FCRA. The FCRA, 15 U.S.C. §1681b(b)(3)(A), requires that before taking any adverse action based in whole or in part on a consumer report used for employment purposes, the person intending to take such adverse action shall provide to the consumer to whom the report relates: (a) a copy of the report, and (b) a description in writing of the rights of the consumer under the FCRA, 15 U.S.C. §1681g(c)(1).

4.

RHI has willfully violated the requirements of 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff and others based on a consumer report, without first providing Plaintiff and others with a copy of the pertinent consumer report and a written description of their rights under the FCRA.

II. Jurisdiction

5.

Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

III. Parties

6.

Plaintiff Bonnie Magallon ("Plaintiff") is an adult individual who resides in Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.

RHI is a corporation that uses "consumer reports" for "employment purposes", as those terms are defined by 15 U.S.C. § 1681a(d) and (h). RHI takes "adverse actions," as that term is defined by 15 U.S.C. § 1681a(k), based on consumer reports. RHI took adverse action against Plaintiff from its office in Eugene, Oregon.

IV. Factual Allegations

8.

On August 18, 2011, Plaintiff sought employment with RHI, by contacting the RHI division known as OfficeTeam.

9.

On August 22, 2011, Plaintiff had an employment interview with RHI at its office in Eugene, Oregon. Plaintiff filled out an employment application and a form authorizing RHI to obtain her consumer report for employment purposes. During the interview, Plaintiff and RHI discussed her employment history and other things about working in an office. Plaintiff also discussed her convictions for misdemeanors. RHI told her that they would do a background check of her criminal history. RHI had Plaintiff take computer and typing tests. After the tests, RHI told Plaintiff that her scores were good. RHI told Plaintiff that they were considering her for two positions.

10.

Over the next three weeks, Plaintiff communicated with RHI in Eugene about getting the jobs that it had mentioned to her at the interview. RHI asked her to provide more information, which Plaintiff did.

11.

On September 14, 2011, RHI in Eugene told Plaintiff that RHI would not be hiring her for any of their positions because of the information on her background report.

12.

On September 15, 2011, Plaintiff asked RHI if she could have a copy of the background report used by RHI. RHI said it did not know if it could provide the report and would make a request that Plaintiff be provided with the report. RHI later told Plaintiff that they would give her a copy of the report but it might take a few weeks.

13.

On September 22, 2011, RHI sent Plaintiff an email with a copy of Plaintiff's background report. This was more than one week after RHI took the adverse action against Plaintiff, in violation of §1681b(b)(3)(A) of the FCRA. RHI did not provide a written description of Plaintiff's rights under the FCRA with the background report.

14.

RHI routinely obtains and uses consumer reports, including background reports, on its job applicants as part of a standard screening process.

15.

RHI does not perform these background checks in-house. Rather, RHI obtains and uses consumer reports purchased from consumer reporting agencies.

16.

RHI typically does not provide job applicants with a copy of their consumer reports before it takes adverse action against them based on the information in such reports, despite being required to do so by §1681b(b)(3)(A) of the FCRA.

17.

This practice violates one of the most fundamental protections afforded to job applicants under the FCRA, and also runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." See Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

18.

A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer *before* taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is taken. See Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

19.

Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.,*

2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. November 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. January 11, 2008) (quoting *Williams).* In *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27, 2011), the court certified a class action for prospective employees who did not receive a copy of their credit report at least five days before being notified that the employer might take adverse action.

20.

By means of these cases and others construing § 1681b(b)(3)(A), RHI had substantial notice that its conduct violated the FCRA.

21.

By failing to provide Plaintiff and other Class members with copies of their consumer reports prior to taking adverse action against them based on the reports, RHI willfully disregarded the case law, regulatory guidance, and the plain language of the FCRA, § 1681b(b)(3)(A).

22.

RHI's conduct was a result of its deliberate policies and practices, and was taken in reckless disregard for a consumer's rights under the FCRA, and further assumed an unjustifiably high risk of harm.

23.

RHI was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of RHI.

V. Class Action Allegations

24.

Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), who had an adverse action taken against them by RHI during the preceding five years, based in whole or in part on a consumer report used for employment purposes by RHI, and to whom RHI did not provide a copy of the consumer report and a written description of rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the adverse action was taken.

25.

The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to RHI, RHI regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and relies on such information, in whole or in part, as a basis for adverse action. RHI's website states that RHI has seven staffing divisions and more than 400 offices worldwide. Accordingly, Plaintiff estimates that the class size numbers in the hundreds, if not thousands.

26.

There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions are whether RHI violated the FCRA by taking adverse action against Plaintiff and Class members on the basis of information in a consumer report, without first providing a copy of the report and the written description of FCRA rights to those persons; and whether the violations were willful.

27.

Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories. RHI typically uses consumer reports to conduct background checks on prospective employees. RHI typically does not provide copies of consumer reports to prospective employees before taking adverse action based on information in such reports.

28.

Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims under the FCRA. Neither Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue this claim.

29.

This action should be maintained as a class action because questions of law and fact common to the Class predominate over any questions affecting only individual Class members, and because a class action is a superior method for the fair and efficient adjudication of this controversy. RHI's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Class do not have an interest in pursuing separate actions against RHI, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning RHI's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and

judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

30.

This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## VI. Claim for Relief

31.

Plaintiff realleges and incorporates the foregoing paragraphs.

32.

RHI used a consumer report for employment purposes, and took adverse action against Plaintiff and Class members, based in whole or in part on the consumer report.

33.

RHI willfully failed to comply with the requirements of the FCRA, § 1681b(b)(3)(A) by failing to provide Plaintiff and Class members with a copy of the consumer report and a description of rights under the FCRA before taking the adverse action.

34.

Pursuant to 15 U.S.C. § 1681n, RHI is liable to Plaintiff and all Class members for its failure to comply with FCRA, § 1681b(b)(3)(A), in an amount equal to the sum of (1) damages

of not less that $100 and not more than $1,000 per violation, (2) punitive damages in an amount to be determined by the jury, (3) attorney fees, and (4) costs.

VII. Jury Trial Demand

35.

Plaintiff demands trial by jury.

VIII. Prayer

WHEREFORE, Plaintiff prays for judgment against RHI as follows:

a. An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b. An order declaring that RHI's actions are in violation of the FCRA;

c. Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a)(l);

d. Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

e. Attorney fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3); and

f. Such other relief as may be just and proper.

DATED this 22nd day of August 2013.

Respectfully submitted,

/s/Robert S. Sola
Robert S. Sola, OSB# 84454
rssola@msn.com
(503) 295-6880
(503) 291-9172 (FAX)
Attorney for Plaintiff Bonnie Magallon