**ROBERT S. SOLA**
Oregon State Bar No. 84454
rssola@msn.com
Robert S. Sola, P.C.
1500 S.W. First Ave., Suite 800
Portland, Oregon 97201
Telephone (503) 295-6880
Facsimile (503) 243-4546

**JAMES A. FRANCIS** *(pro hac vice)*
jfrancis@consumerlawfirm.com
**JOHN SOUMILAS** *(pro hac vice)*
jsoumilas@consumerlawfirm.com
**LAUREN KW BRENNAN** *(pro hac vice*)
lbrennan@consumerlawfirm.com
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile (215) 940-8000

*Attorneys for Plaintiff Bonnie Magallon
and the certified class*

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **BONNIE MAGALLON**,<br>**On behalf of herself and all others similarly situated,**<br><br>                Plaintiff,<br><br>        v.<br><br>**ROBERT HALF INTERNATIONAL, INC.,**<br>a foreign corporation,<br><br>                Defendant. | Civil No. 6:13-cv-01478-SI<br><br>**PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF THE REPORT AND TESTIMONY OF REBECCA KUEHN AND MEMORANDUM IN SUPPORT**<br><br>**Request for Oral Argument** |

Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

## L.R. 7-1 CERTIFICATION

Plaintiff Bonnie Magallon certifies that counsel made a good faith effort through written and telephonic communications to confer with Defendant about this motion, but that the parties were unable to reach agreement.

## MOTION

Plaintiff hereby moves the Court for an order to exclude the portions of Ms. Kuehn's expert report identified herein which instruct the jury on the ultimate legal question in this matter, Ms. Kuehn's opinions regarding "industry standards" which lack a factual basis and which are based upon untimely fact discovery from undisclosed witnesses. Plaintiff furthermore moves the Court for an order to preclude Defendant from offering or eliciting any testimony by Ms. Kuehn on these subjects.

This motion is supported by the following memorandum of law in support, the attached declaration of John Soumilas, and the exhibits attached thereto.

Dated: April 1, 2024             Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

By: */s/ John Soumilas*
James A. Francis
John Soumilas
Lauren KW Brennan
1600 Market Street, Suite 2510
Philadelphia, PA 19103

**ROBERT S. SOLA, P.C.**
Robert S. Sola
1500 S.W. First Ave., Suite 800
Portland, OR 97201

*Attorneys for Plaintiff Bonnie Magallon and the certified class*

Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION AND BACKGROUND ........ 1

II. LEGAL STANDARD ........ 4

III. ARGUMENT ........ 5

A. Ms. Kuehn's Legal Conclusions That RHI Complies with the FCRA Must Be Excluded ........ 5

B. Ms. Kuehn's Opinions Regarding "Industry Standards" Lack Factual Basis ........ 6

C. References to Ms. Kuehn's Interviews of Undisclosed Fact Witnesses Must Be Excluded ........ 7

IV. CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*CFM Commc'ns, LLC v. Mitts Telecasting Co.*,
   424 F. Supp. 2d 1229 (E.D. Cal. 2005)......................................................................................5

*Cooper v. Brown*,
   510 F.3d 870 (9th Cir. 2007) .....................................................................................................5

*D. R. v. Contra Costa Cnty.*
   2024 WL 589103 (N.D. Cal. Feb. 13, 2024) .............................................................................9

*Elosu v. Middlefork Ranch Inc.*,
   26 F.4th 1017 (9th Cir. 2022) ....................................................................................................7

*Finjan, LLC v. Qualys Inc.*,
   2020 WL 6581836 (N.D. Cal. Nov. 10, 2020) ..........................................................................9

*Gretzler v. Stewart*,
   112 F.3d 992 (9th Cir. 1997) .....................................................................................................7

*Ha v. Equifax Info. Servs., LLC*,
   2023 WL 5670709 (D. Or. June 9, 2023) .............................................................................. 5-6

*Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) .....................................................................................................5

*Henry v. Quicken Loans Inc.*,
   2008 WL 4735228 (E.D. Mich. Oct. 15, 2008) ........................................................................9

*Magallon v. Robert Half Int'l, Inc.*,
   2023 WL 1796422 (D. Or. Feb. 7, 2023)..................................................................................6

*Magallon v. Robert Half Int'l, Inc.*,
   311 F.R.D. 625 (D. Or. 2015)................................................................................................1, 6

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
   523 F. 3d 1051 (9th Cir. 2008) ..................................................................................................5

*In re Ocean Bank*,
   481 F. Supp. 2d 892 (N.D. Ill. 2007) .........................................................................................6

*Sullivan v. Multnomah Cnty*,
   2023 WL 2537822 (D. Or. Mar. 16, 2023)................................................................................5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    2008 WL 2323856 ......................................................................................................... 8

*Thomsen v. NaphCare, Inc.*,
    2023 WL 8701971 (D. Or. Dec. 15, 2023) ................................................................. 6-7

*United States v. Shih*,
    73 F.4th 1077 (9th Cir. 2023) ......................................................................................... 7

## STATUTES

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, *et seq*. ............................................... *passim*

    15 U.S.C. § 1681b(b)(3) ......................................................................................... 1, 3, 6

    15 U.S.C. § 1681b(b)(3)(A) ............................................................................................ 8

## FEDERAL RULES

FED. R. CIV. P. 26 .................................................................................................................. 8, 9

FED. R. CIV. P. 26(e) ................................................................................................................. 8

FED. R. EVID. 702 ............................................................................................................ 4, 5, 6

FED. R. EVID. 704(a) .................................................................................................................5

Pursuant to this Court's December 12, 2023, Case Management Order, Plaintiff Bonnie Magallon, through her undersigned counsel, moves this Court for an Order excluding portions of the report and testimony of Defendant Robert Half Int'l, Inc.'s proffered expert Rebecca Kuehn.

## I.      INTRODUCTION AND BACKGROUND

The sole claim in this case is that Defendant Robert Half, Int'l, Inc. ("Defendant" or "RHI") violated section 1681b(b)(3) of the Fair Credit Reporting Act ("FCRA"), which requires employers and staffing agencies who use consumer reports to provide notice and a copy of the report to the consumer before any adverse action is taken. 15 U.S.C. § 1681b(b)(3). In the context of this case, this notice provides job candidates who have been already offered temporary jobs by RHI a chance to begin working and to keep the jobs, instead of being formulaically removed from the job placement pool.

There is no real dispute about the facts of RHI's practices relevant here: despite a written policy requiring that this "pre-adverse action notice" be sent "immediately" after RHI receives a consumer report flagged by its vendor because it contains adverse information, RHI routinely did not do so in many thousands of cases. Instead, reports were sent to "legal review" without notice to the consumer. At the conclusion of "legal review," candidates are determined to be "placeable" or "not placeable," and only then is any notice or a copy of the report sent to consumers, making it too take to serve the remedial purposes of FCRA section 1681b(b)(3). The class here consists only of consumers found "not placeable" after legal review and who are not subject to any arbitration agreement. *See Magallon v. Robert Half Int'l, Inc.*, 311 F.R.D. 625 (D. Or. 2015) (certifying class).

In the face of this undisputed factual record, the central issue to be resolved at trial is whether RHI's practices (as opposed to its written policy) violate FCRA section 1681b(b)(3) with respect to Plaintiff and a certified class of 2,363 (*see* ECF 147) temporary job candidates.

1   Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

On January 5, 2024 Defendant disclosed the expert report of Rebecca E. Kuehn. Ex. A. Ms. Kuehn is a lawyer, and her expertise in this matter is based upon her legal training and career, including her work at the Federal Trade Commission ("FTC"), one of the federal agencies tasked with FCRA enforcement and a major corporate law firm. *Id.* at pp. 1-3. Ms. Kuehn has also served as in-house counsel to one of the largest consumer reporting companies in the U.S., CoreLogic, Inc. *Id.* at p. 3.

RHI asked Ms. Kuehn to "analyze and opine" on its process for providing pre-adverse action notices to consumers. *Id.* at p. 1. Ms. Kuehn's legal experience with the FCRA is the key to her opinions, which are almost entirely legal in nature. The report contains numerous statements interpreting the requirements of the FCRA and applying them to the facts of the case. In criticizing the class certification decision, Ms. Kuehn asserts that "the FCRA does not require an immediate notice – just a notice 'before taking any adverse action based in whole or in part on the report[.]'" *Id.* at p. 14. In her view, the requirement in RHI's written policy that notice must be sent "immediately" upon receipt of an adverse background check "does not arise from the FCRA's text or legislative history." *Id.* at p. 15. "To the contrary, the FCRA requires the pre-adverse action letter be sent to the candidate before a final hiring decision is made" and equates the "final hiring decision" with the statutory term "adverse action." *Id.* Ms. Kuehn concludes that RHI's practice "was not a violation of the FCRA itself." *Id.* Rather, she states that RHI "complies with the FCRA." *Id.* at p. 16.

Ms. Kuehn reaffirmed this reading of the FCRA in her deposition, confirming that she disagrees with the legal determinations made by the court. Ex. B., Transcript of the Deposition of Rebecca Kuehn ("Kuehn Dep.") at 21:12-22:18. She confirmed that it is her opinion that RHI's practices do not violate the FCRA. *Id.* at 27:1-4.

Ms. Kuehn's opinions thus seek to instruct the jury on the law of the case and also to dictate how that law must be applied to the ultimate issue in the case: whether RHI's practices violate the

2  Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

FCRA. This invades the province of both the judge and the jury, and these portions of her report and testimony must be excluded. Simply put, Ms. Kuehn cannot tell the jury what the law is and how to apply it to the facts of this case.

Ms. Kuehn also opines that RHI's practices are consistent with "industry standards." Ex. A at pp. 15-16. Yet, at her deposition, Ms. Kuehn admitted that did she not review the polices or practices of any other employer in preparation for her report. Ex. B, Kuehn Dep. at 41:15-20, 46:13-17. Although she has reviewed other practices and procedures in her legal practice for purposes of providing legal advice, she confirmed that she is not aware of *any* other employer that, like RHI, sends adverse background check results for legal review before sending pre-adverse action notice in contravention of their written policy. *Id.* at 49:14-18. Furthermore, Ms. Kuehn is also not aware of any written industry standards or statistical data regarding what employers do to comply with FCRA section 1681b(b)(3). *Id.* at 56:10-23, 60:15-21. Ms. Kuehn's opinions regarding industry standards lack an appropriate factual basis and must be excluded.

RHI also seeks to use Ms. Kuehn's report and testimony as a vehicle to import into the long-closed factual record new testimony from undisclosed fact witnesses, conducted off the record and without cross-examination by Plaintiff. Specifically, on December 28, 2023, nearly two years after the close of fact discovery in this matter, Ms. Kuehn conducted an interview of two RHI employees who have never been identified as witnesses in this matter. Ex. A at p. 12 (citing "Kathleen Cattani and Ted Mawla"); Ex. B, Kuehn Dep. at 35:23-37:5. Ms. Cattani and Mr. Mawla work in the RHI legal department, and RHI's outside counsel (who replaced prior counsel shortly after denial of summary judgment) were present. *Id.* The interview was not

3   Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

recorded. *Id.* at 37:6-10.[1] Ms. Cattani and Mr. Mawla are themselves lawyers, and were identified to Ms. Kuehn by RHI's counsel. *Id.* at 38:11-39:8. Ms. Kuehn conducted this interview because she did not find the answers she wanted in the existing factual record. *Id.* at 39:20-40:7.

This investigation, conducted well after the close of fact discovery in this matter, represents an improper effort to circumvent the case management deadlines in this case to expand the record to include self-selected and lawyer-driven testimony favorable to RHI. While RHI, now with the benefit of new counsel, might wish for an opportunity to conduct more or different fact discovery, expert opinion is not a proper basis to do so, and the portions of Ms. Kuehn's report and testimony based on this late and clandestine discovery must be excluded.

Plaintiff therefore respectfully requests that the Court enter an order excluding Ms. Kuehn's legal interpretations regarding the meaning of the FCRA and whether RHI violated the law, as well as references in Ms. Kuehn's report to her interview with Ms. Cattani and Mr. Mawla. Plaintiff further requests that this order preclude Defendant from offering any testimony by Ms. Kuehn on these matters in any proceeding including at trial.

## II.    LEGAL STANDARD

The admissibility of expert witness testimony is governed by Federal Rule of Evidence 702, and which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principals and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] In addition to relying on their statements in her report, Ms. Kuehn repeated facts allegedly learned from the interview in her testimony. Ex. B., Kuehn Dep. at 76:11-77:4, 83:16-18, 89:12-90:10, 102:8-103:7.

FED. R. EVID. 702. The "trial court acts as a gatekeeper for expert testimony to ensure it 'rests on a reliable foundation and is relevant to the task at hand.'" *Sullivan v. Multnomah Cnty.*, 2023 WL 2537822, at *2 (D. Or. Mar. 16, 2023) (quoting *Daubert v. Merril Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993)). The proponent of challenged expert testimony bears the burden of showing that the testimony is admissible under Rule 702. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

### III. ARGUMENT

**A. Ms. Kuehn's Legal Conclusions That RHI Complies with the FCRA Must Be Excluded**

It is well settled that opinion testimony that applies the law to the facts to instruct the jury as to their legal conclusion regarding whether the law was violated is improper and must be excluded. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.") (internal citations and quotation marks omitted); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F. 3d 1051, 1059 (9th Cir. 2008) (an expert who offers legal conclusions invades the province of trial judge and his testimony must be disregarded). *See also CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1233 (E.D. Cal. 2005) ("expert testimony consisting of legal conclusions is generally inappropriate.") (quoting *Aguilar v. Int'l Longshoremen' Union Local # 10,* 966 F.2d 443, 447 (9th Cir.1992) (upholding district court's exclusion of expert legal opinion as "utterly unhelpful")). *See also* FED. R. EVID. 704(a) & 1972 Advisory Committee Note (stating that an expert's opinion cannot "tell the jury what result to reach").

Courts regularly exclude the opinions of experts interpreting the language of the FCRA and providing opinions on whether a defendant's practice violated the FCRA. *See Ha v. Equifax*

5   Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

*Info. Servs., LLC*, 2023 WL 5670709, at *10 (D. Or. June 9, 2023) (excluding portions of proposed expert report opinion on applicable FCRA legal standards and whether they were satisfied); *In re Ocean Bank*, 481 F. Supp. 2d 892, 903-04 (N.D. Ill. 2007) (striking portions expert opinion on "FCRA compliance" and whether FCRA violation occurred).

Ms. Kuehn's testimony about what the FCRA requires, and whether RHI violated the FCRA, are classic legal opinions which are not the proper subject of expert opinion. Ms. Kuehn lays out an interpretation of the language of FCRA section 1681b(b)(3) and what that provision requires. Ex. A at pp. 14-16. Notably, her interpretation conflicts with the decisions of this Court at class certification and summary judgment regarding the existence of an adverse action, and whether RHI's violations of the FCRA were willful. *See Magallon*, 311 F.R.D. at 637-38 (finding a reasonable jury could conclude that RHI took adverse action against all class members based upon background reports without first providing them with notice and a copy of the report, and that its actions were in willful violation of the FCRA); *Magallon v. Robert Half Int'l, Inc.*, 2023 WL 1796422 at *6-7 (D. Or. Feb. 7, 2023) (denying motion for summary judgment for same reason).

It is the role of the Court, not a defense expert, to instruct the jury on what the FCRA requires, and the role of the jury to determine whether a violation occurred. Ms. Kuehn's opinions on these subjects must be excluded.

**B.     Ms. Kuehn's Opinions Regarding "Industry Standards" Lack Factual Basis**

In order for expert opinion to be admissible under Rule 702, it is not enough for those opinions to be provided by an individual with sufficient qualifications – it must also be based on "sufficient facts or data." FED. R. EVID. 702. In evaluating the sufficiency of the facts considered by an expert, "'the question is whether the expert considered enough information to make the proffered opinion reliable.'" *Thomsen v. NaphCare, Inc.*, 2023 WL 8701971, at *2 (D. Or.

6   Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

Dec. 15, 2023) (quoting *Jerid Enterprises, LLC v. Lloyd's London*, 2012 WL 6115673, at *4 (N.D. Ind. Dec. 10, 2012)). The inquiry looks to whether the opinion has an adequate foundation to be considered reliable. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1026 (9th Cir. 2022). Ms. Kuehn's opinion that RHI's practices are "consistent with industry standards" (Ex. A at pp. 1, 15-16) must be excluded from this case because it is not based on any facts at all.

Ms. Kuehn admitted at her deposition that the only employer policies and practices for providing pre-adverse action notice that she reviewed in preparation for her report were RHI's. Ex. B at 41:15-20, 46:13-17. She made no effort to review any independent facts, such as studies or statistical data, that would confirm what other employers do in order to provide pre-adverse action notices. *Id.* at 56:10-23, 60:15-21. Moreover, no authoritative treatise or other industry writing exist in this area which purportedly sets forth the "standard" of the industry. *Id.* at 60:8-14.

In reality, Ms. Kuehn's opinion on "industry standards" is simply an effort to replicate her impermissible legal opinions discussed above. As Ms. Kuehn testified, the "industry standard" in this area consists of (1) what employers in fact do when providing pre-adverse action notice, and (2) the legal guidance from the text of the FCRA, from courts and from regulators on FCRA compliance. *Id.* at 59:15-60:7. Ms. Kuehn consulted no facts relevant to the first element, meaning that her "industry standard" opinion is based entirely on the second – her reading of legal authority. As detailed above, this type of legal opinion must be excluded.

C. **References to Ms. Kuehn's Interviews of Undisclosed Fact Witnesses Must Be Excluded**

An expert cannot render any opinion based upon facts not in evidence. *Gretzler v. Stewart*, 112 F.3d 992, 1003 (9th Cir. 1997). An expert's opinion "must be 'more than a conduit or transmitter for testimonial hearsay.'" *United States v. Shih*, 73 F.4th 1077, 1098 (9th Cir. 2023)

7   Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

(quoting *U.S. v. Vera*, 770 F.3d 1232, 1237 (9th Cir. 2014)). As one court within the Ninth Circuit has put it, "[o]ne of the worst abuses in civil litigation is the attempted spoon-feeding of client-prepared and lawyer-orchestrated 'facts' to a hired expert who then 'relies' on the information to express an opinion." *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2323856, at *1 (N.D. Cal. May 22, 2008).

> Everything is kept secret from the other side until the expert report, which almost always comes after the close of fact discovery. In this manner, the other side rarely learns of the supposed "fact" until after the close of fact discovery, thereby immunizing it from vetting via discovery. Secrecy is achieved by cloaking the factoid inside the work product or attorney-client privileges. What is more, the expert will only be told of the results of the client's work if it turns out favorably….

*Id.* This harsh description bears a striking resemblance to RHI's actions here. Rather than rely on the extensive record (of more than 10 depositions and thousands of documents) as it existed at the close of fact discovery in January 2022, as Plaintiff was forced to do, RHI chose to reopen fact discovery in secret. Ms. Kuehn conducted an unrecorded interview of RHI's in-house lawyers, with RHI's outside counsel present, regarding the internal legal review process that leads to "not placeable" determinations. Neither Ms. Cattani nor Mr. Mawla has been identified as knowledgeable witnesses at any stage of this case, including regarding the legal review process.[2] Indeed, RHI has objected to providing discovery concerning the details of the legal review process on the basis of attorney-client privilege. ECF 83 at p. 9. It is highly unfair and prejudicial for RHI to now, well after the close of fact discovery, to change its mind and volunteer the testimony of its

---

[2] Although the parties agreed to waive initial disclosures under Rule 26 consistent with common practice in this District, Plaintiff served an interrogatory on RHI seeking the identities "each individual who had any interaction, involvement, or communications related to the establishment, implementation, training or review of your policies and procedures for compliance with 15 U.S.C. § 1681b(b)(3)(A)." Ex. C, Def. Resp. to Pl. Interrogatories at Rog. 11. Plaintiff did not identify Ms. Cattani or Mr. Mawla in its response, and has never supplemented this response consistent with its continuing obligations under FED. R. CIV. P. 26(e).

8   Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

in-house lawyers, veiled as expert opinion and without any opportunity for Plaintiff to follow up or cross-examine them.

Nor was this secret interview of in-house attorneys, by other attorneys, within the scope of expert discovery. Seeking materials for the purpose of enabling an expert to conduct an analysis and write a report does not constitute expert discovery. *D. R. v. Contra Costa Cnty*. 2024 WL 589103, at *3 (N.D. Cal. Feb. 13, 2024). "The plain language of Rule 26 makes clear that expert discovery means discovery *of* the expert, not *by* the expert." *Finjan, LLC v. Qualys Inc*., 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020) (emphasis original). *See also Henry v. Quicken Loans Inc*., 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15, 2008) ("[B]ased on the design of the Federal Rules of Civil Procedure, there is an apparent presumption that data for an expert report should be gathered during fact discovery and that the extended deadline for the expert report is provided to give the expert time to thoroughly analyze the collected data.").

All references to Ms. Kuehn's interview of Ms. Cattani and Mr. Mawla and inferences or conclusions therefrom must be excluded from the record in this case.

## IV.     CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court exclude the portions of Ms. Kuehn's expert report identified above which instruct the jury on the ultimate legal question on this matter, and which are based upon untimely fact discovery from undisclosed witnesses. Plaintiff furthermore requests that the Court preclude Defendant from offering or eliciting any testimony by Ms. Kuehn on these subjects.

9   Plaintiff's Motion and Memorandum to Exclude Portions of the Expert Report and Testimony of Rebecca Kuehn

Dated: April 1, 2024

Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

By: <u>/s/ John Soumilas</u>
James A. Francis
John Soumilas
Lauren KW Brennan
1600 Market Street, Suite 2510
Philadelphia, PA 19103

**ROBERT S. SOLA, P.C.**
Robert S. Sola
1500 S.W. First Ave., Suite 800
Portland, OR 97201

*Attorneys for Plaintiff Bonnie Magallon and the certified class*