# Exhibit C

**Calvin Keith**, OSB No. 814368
ckeith@perkinscoie.com
**Sarah J. Crooks**, OSB No. 971512
scrooks@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:     (503) 727-2000
Facsimile:     (503) 727-2222

**Adam P. KohSweeney** (admitted *pro hac vice*)
akohsweeney@omm.com
**Susannah K. Howard**  (admitted *pro hac vice*)
showard@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendant
ROBERT HALF INTERNATIONAL INC.,

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **BONNIE MAGALLON,** on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>**ROBERT HALF INTERNATIONAL, INC.,** a foreign corporation,<br><br>      Defendant. | Case No. 6:13-cv-01478-AA<br><br>**DEFENDANT ROBERT HALF INTERNATIONAL INC.'S RESPONSE TO PLAINTIFF BONNIE MAGALLON'S INTERROGATORIES** |

1- DEFENDANT ROBERT HALF INTERNATIONAL INC.'S RESPONSE TO PLAINTIFF BONNIE MAGALLON'S INTERROGATORIES

11197-0045/LEGAL120791327.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Robert Half International Inc. ("Defendant" or "RHI") hereby responds to Plaintiff Bonnie Magallon's ("Plaintiff's") Interrogatories as follows.

## PRELIMINARY STATEMENT

The following objections and answers to Plaintiff's Interrogatories are each made on the basis of the information that is presently known and available to Defendant and its attorneys, and include hearsay information and other data inadmissible in evidence at trial although it may be discoverable. Defendant's discovery, investigation, and preparation for trial are not yet completed and are continuing as of the date of this response. Accordingly, the responses set forth below represent only information currently available and known following a reasonable investigation within the time permitted. Defendant expressly reserves the right to continue its discovery and investigation herein for facts, documents, witnesses, and supplemental data that may reveal information which, if presently within its knowledge, Defendant would have included in these objections and responses. Defendant specifically reserves the right to present additional information as may be disclosed through its continuing discovery and investigation.

## GENERAL OBJECTIONS

The following general objections, whether specifically stated or not, are incorporated into each of Defendant's answers and objections to the interrogatories contained in Plaintiff's Special Interrogatories:

1.    Defendant objects to each and every Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson v. Canon Business Solutions, Inc.*, Case No. 12-7761, 2014 WL 654573 (D. N.J. Feb. 20, 2014). "[T]he Court has discretion to weigh the need for discovery against the likely burden or expense to resolve the present dispute," *id.* at *3, and "'the court must limit the frequency or extent of discovery' if the discovery is not proportional to the likely

benefit of the evidence sought and the burden imposed on Defendant," *id.* at *6 (quoting Fed. R. Civ. Proc. 26(b)(2)(C)(iii)).

2.    Defendant objects each and every Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to each and every Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant is willing to produce information from August 22, 2011 to the present and information relating to RHI's Eugene, Oregon office.

3.    Defendant objects to each and every Interrogatory to the extent it seeks information which is protected by (1) the attorney-client privilege, (2) the attorney work product doctrine, (3) the privilege for settlement discussions and offers of compromise, (4) the privilege of self-critical review, or (5) any other privilege or immunity recognized by law.

4.    Defendant objects to each and every Interrogatory insofar as it seeks information neither relevant to any material issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore unreasonably burdensome, oppressive and harassing. In response to Plaintiff's Interrogatories, to the extent not objected to, and within the applicable time constraints, Defendant has used reasonable diligence to provide responsive information.

5.    Defendant objects to each and every Interrogatory to the extent that it contains terms or phrases that are undefined and are, therefore, vague, ambiguous, and capable of various interpretations.

6.    Defendant objects to each and every Interrogatory to the extent it seeks information outside Defendant's possession, custody, or control.

3-    DEFENDANT ROBERT HALF INTERNATIONAL INC.'S
RESPONSE TO PLAINTIFF BONNIE MAGALLON'S
INTERROGATORIES
11197-0045/LEGAL120791327.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

7.     In providing these responses to the Interrogatories, Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving (a) all objections as to competency, relevancy, materiality and admissibility; (b) all rights to object on any ground to the use of the responses herein in any subsequent proceedings, including any hearing or trial of this or any other claim; (c) all objections as to vagueness and ambiguity; and (d) all rights to object on any ground to any further discovery demands involving or related to any of these Interrogatories.

8.     Defendant has not completed its factual and legal investigation, discovery, or trial preparation. Accordingly, the responses set forth below represent only information currently known following a reasonable investigation in the limited time that Defendant was given to respond to these Interrogatories, and Defendant expressly reserves the right to continue its investigation herein for additional information that might be responsive to these Interrogatories. The objections and responses set forth below do not preclude Defendant from later relying on information, discovered pursuant to subsequent investigation or discovery, which, if known at this time, would have been included in these responses.

9.     Defendant objects to the Interrogatories to the extent Plaintiff seeks information that is in the public domain and/or that is equally available to Plaintiff.

10.     Defendant objects to these Interrogatories to the extent that they assume facts that are not true and are therefore misleading. To the extent that Defendant responds to any Interrogatory, that response shall not be construed as an admission by Defendant that any fact assumed in the Interrogatory is true. Each of the above General Objections is hereby incorporated by reference, as if fully stated therein, in Defendant's Specific Objections.

## RESPONSE TO INTERROGATORIES

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**INTERROGATORY NO. 1:**

State the number of natural persons from whom Defendant obtained written authorization to obtain a consumer report and as to whom Defendant then obtained a consumer report, from (a) August 22, 2011 to the present, and (b) August 22, 2008 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*, 2014 WL 654573. Defendant also objects to this Interrogatory insofar as it seeks information neither relevant to any material issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore unreasonably burdensome, oppressive, and harassing – there are no allegations in the Complaint regarding a failure to obtain written authorization. Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

**INTERROGATORY NO. 2:**

Identify by name and address the persons who comprise your response to Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would

subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*, 2014 WL 654573. Defendant also objects to this Interrogatory insofar as it seeks information neither relevant to any material issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore additionally burdensome, oppressive, and harassing – there are no allegations in the Complaint regarding a failure to obtain written authorization. Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential, commercial and/or proprietary information, the disclosure of which would unduly and improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory to the extent that it unreasonably invades the legitimate, reasonable privacy rights of third-party nonlitigants to an extent incommensurate with Plaintiff's legitimate discovery needs. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

**INTERROGATORY NO. 3:**

State the number of natural persons from whom Defendant obtained written authorization to obtain a consumer report, and as to whom Defendant obtained a consumer report, and then took an adverse action against them, from (a) August 22, 2011 to the present, and (b) August 22, 2008 to the present.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*, 2014 WL 654573. Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

Notwithstanding these objections and the foregoing General Objections, consistent with them, without waiving them, with the understanding that the discovery process and Defendant's factual and legal investigation are still ongoing, and to the extent that this Interrogatory seeks the number of natural persons from whom Defendant's Eugene, Oregon office obtained written authorization to obtain a consumer report and then took an adverse action as to that natural person based on the results of the consumer report from August 22, 2011 to the present, Defendant provides the following response: It is not possible to definitively determine how many individuals were subject to an adverse action, as that term is defined by the FCRA, due to the content of a consumer report. Defendant's database contains a field for disqualification, but individuals may be disqualified for reasons other than the content of a consumer report and the reasons for a given disqualification may or may not be reflected in Defendant's database. Answering this Interrogatory would require a burdensome, labor intensive manual entry-by-entry review of Defendant's database (which is currently ongoing on a limited basis related to

7-  DEFENDANT ROBERT HALF INTERNATIONAL INC.'S
    RESPONSE TO PLAINTIFF BONNIE MAGALLON'S
    INTERROGATORIES
    11197-0045/LEGAL120791327.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Defendant's Eugene, Oregon office), as well as interviewing current and former RHI

administrative personnel, and the resulting information might still not be complete or accurate

due to individual's memories and the possibility of non-compliant record-keeping by personnel

who were responsible for entering timely and accurate data into the system and maintaining

appropriate records. Accordingly, it is not possible to provide a precise answer to this

Interrogatory at this time. That said, Defendant's review is ongoing and Defendant will update

this Interrogatory Response as additional information becomes available. Defendant is also

willing to meet-and-confer with Plaintiff to discuss this Interrogatory.

**INTERROGATORY NO. 4:**

Identify by name and address the persons who comprise your response to Interrogatory

No. 3.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is

outside the limited scope of discovery that is appropriate at this stage of the litigation, and would

subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*,

2014 WL 654573. Defendant objects to this Interrogatory on the ground that it is not reasonably

limited in time to the extent it requests information from August 22, 2008 to August 22, 2011

because this time period falls outside of the two-year statute of limitations and no court has

certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014

WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not

reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office.

Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential,

commercial and/or proprietary information, the disclosure of which would unduly and

improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory to

the extent that it unreasonably invades the legitimate, reasonable privacy rights of third-party

8-  DEFENDANT ROBERT HALF INTERNATIONAL INC.'S
RESPONSE TO PLAINTIFF BONNIE MAGALLON'S
INTERROGATORIES
11197-0045/LEGAL120791327.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

nonlitigants to an extent incommensurate with Plaintiff's legitimate discovery needs. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

**INTERROGATORY NO. 5:**

State the number of natural persons comprising your response to Interrogatory No. 3 to whom Defendant sent written notice, a copy of the consumer report on that person, and a written description of the FCRA rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before taking the adverse action.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*, 2014 WL 654573. Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

Notwithstanding these objections and the foregoing General Objections, consistent with them, without waiving them, with the understanding that the discovery process and Defendant's factual and legal investigation are still ongoing, and to the extent that this Interrogatory seeks the number of natural persons from whom Defendant's Eugene, Oregon office obtained written

9-    DEFENDANT ROBERT HALF INTERNATIONAL INC.'S
RESPONSE TO PLAINTIFF BONNIE MAGALLON'S
INTERROGATORIES
11197-0045/LEGAL120791327.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

authorization to obtain a consumer report and to whom Defendant's Eugene, Oregon office sent written notice, a copy of the consumer report on that person, and a written description of the FCRA rights provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before taking the adverse action from August 22, 2011 to the present, Defendant provides the following response: It is not possible to definitively determine how many individuals were subject to an adverse action, as that term is defined by the FCRA, as a result of a consumer report. Defendant's database contains a field for disqualification, but individuals may be disqualified for reasons other than the content of a consumer report and the reasons for a given disqualification may or may not be reflected in Defendant's database. Because it is not possible to systematically identify who was disqualified due to the content of a consumer report, it is also not possible to: (i) identify individuals to whom written notice, a copy of the consumer report on that person, and a written description of the FCRA rights, should have been sent pursuant to Defendant's policies; and (ii) confirm whether said documents were sent. In addition, prior to October 1, 2013 and in some instances prior to February 14, 2014, when certain clients required a consumer report, Defendant's policies were implemented by administrative personnel in each of Defendant's offices, who may or may not have entered accurate and timely data into Defendant's databases or properly retained records of materials that were sent. Answering this Interrogatory would therefore require a burdensome, labor intensive manual entry-by-entry review of Defendant's database (which is currently ongoing on a limited basis related to Defendant's Eugene, Oregon office), as well as interviewing current and former RHI administrative personnel, and the resulting information might still not be complete or accurate due to individual's memories and the possibility of non-compliant record-keeping by personnel who were responsible for entering timely and accurate data into the system and maintaining appropriate records. Accordingly, it is not possible to provide a precise answer to this Interrogatory at this time. That said, Defendant's review is ongoing and Defendant will update this Interrogatory Response as additional

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

information becomes available. Defendant is also willing to meet-and-confer with Plaintiff to discuss this Interrogatory.

## INTERROGATORY NO. 6:

Identify by name and address the persons who comprise your response to Interrogatory No. 5.

## RESPONSE TO INTERROGATORY NO. 6:

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*, 2014 WL 654573. Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential, commercial and/or proprietary information, the disclosure of which would unduly and improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory to the extent that it unreasonably invades the legitimate, reasonable privacy rights of third-party nonlitigants to an extent incommensurate with Plaintiff's legitimate discovery needs. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**INTERROGATORY NO. 7:**

Identify by name and address all natural persons about whom Defendant obtained a consumer report and then took an adverse action, and to whom Defendant did not provide a copy of the consumer report and a written description of the FCRA rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii), at least five business days before taking the adverse action, from (a) August 22, 2011 to the present, and (b) August 22, 2008 to the present.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*, 2014 WL 654573. Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential, commercial and/or proprietary information, the disclosure of which would unduly and improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory to the extent that it unreasonably invades the legitimate, reasonable privacy rights of third-party nonlitigants to an extent incommensurate with Plaintiff's legitimate discovery needs. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**INTERROGATORY NO. 8:**

Identify by name and address all natural persons about whom Defendant obtained a consumer report and then took an adverse action based on the consumer report, and to whom Defendant did not provide a copy of the consumer report and a written description of the FCRA rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii), at least five business days before taking the adverse action, from (a) August 22, 2011 to the present, and (b) August 22, 2008 to the present.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. *See McPherson*, 2014 WL 654573. Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant objects to each and every Interrogatory insofar as it seeks information neither relevant to any material issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore unreasonably burdensome, oppressive, and harassing. Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential, commercial and/or proprietary information, the disclosure of which would unduly and improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory to the extent that it unreasonably invades the legitimate, reasonable privacy rights of third-party nonlitigants to an extent incommensurate with Plaintiff's legitimate discovery needs. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**INTERROGATORY NO. 9:**

Explain the method or procedure, if any, that Defendant uses to assure that an applicant who is rejected because of information on the applicant's consumer report receives a copy of the consumer report and a written description of the FCRA rights as provided in 15 U.S.C. § 1681b(b)(3)(A).

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or immunity from discovery recognized in case law or conferred by statute. Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential, commercial and/or proprietary information, the disclosure of which would unduly and improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

Notwithstanding these objections and the foregoing General Objections, consistent with them, without waiving them, with the understanding that the discovery process and Defendant's factual and legal investigation are still ongoing, and to the extent that this Interrogatory seeks a description of RHI's formal procedure regarding FCRA compliance in effect from August 22, 2011 to present, Defendant provides the following response: Defendant has internal policies and

14- DEFENDANT ROBERT HALF INTERNATIONAL INC.'S
RESPONSE TO PLAINTIFF BONNIE MAGALLON'S
INTERROGATORIES
11197-0045/LEGAL120791327.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

procedures in effect which comply with the FCRA's requirements. Prior to October 1, 2013 (but in some instances, prior to February 14, 2014), these policies and procedures were implemented by local administrative personnel in Defendant's branch offices. From October 1, 2013, forward (or, in some instances, from February 14, 2014, forward), these policies and procedures were implemented by Defendant's central operations team, located in Defendant's San Ramon, California, headquarters. Pursuant to Federal Rule 33(d), Defendant directs Plaintiff to Defendant's Background Check policies.

**INTERROGATORY NO. 10:**

Identify all persons with any knowledge of the events alleged in the Complaint and the subjects about which each person has knowledge.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous in its use of the terms "all," "any knowledge," and "events alleged in the Complaint." Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or immunity from discovery recognized in case law or conferred by statute. Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential, commercial and/or proprietary information, the disclosure of which would unduly and improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory on

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

Notwithstanding these objections and the foregoing General Objections, consistent with them, without waiving them, with the understanding that the discovery process and Defendant's factual and legal investigation are still ongoing, and to the extent that this Interrogatory seeks the identity of individuals who worked in RHI's Eugene, Oregon office who were involved with Plaintiff's application process, as well as individuals familiar with RHI's background check policy (excluding internal and outside counsel for RHI), Defendant provides the following response:

- Sarah Blasi-Hamilton
- Jennie Joiner
- Louisa Waldman
- Lori Stout

These individuals are current and former employees of Defendant and may be contacted through Defendant's attorneys of record.


## INTERROGATORY NO. 11:

Identify the name, address, telephone number, and subjects of information known by each individual who had any interaction, involvement, or communications related to the establishment, implementation, training or review of your policies and procedures for compliance with 15 U.S.C. § 1681b(b)(3)(A).

## RESPONSE TO INTERROGATORY NO. 11:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous in its use of the terms "interaction," "involvement," "establishment," and "compliance with 15 U.S.C. § 1681b(b)(3)(A)." Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant objects to each and every Interrogatory insofar as it seeks information neither relevant to any material issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore unreasonably burdensome, oppressive, and harassing. Defendant also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or immunity from discovery recognized in case law or conferred by statute. Defendant also objects to this Interrogatory on the ground that it seeks Defendant's confidential, commercial and/or proprietary information, the disclosure of which would unduly and improperly invade Defendant's protected rights. Defendant also objects to this Interrogatory on the ground that it is harassing because it is duplicative of other requests propounded by Plaintiff, including but not limited to Interrogatory No. 10. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

Notwithstanding these objections and the foregoing General Objections, consistent with them, without waiving them, with the understanding that the discovery process and Defendant's factual and legal investigation are still ongoing, and to the extent that this Interrogatory seeks the identity of individuals who were involved in the training of employees in in RHI's Eugene, Oregon office regarding RHI's background check policy, Defendant provides the following response:

- Louisa Waldman
- Lyn Irish
- Jolynn Conway James

17- DEFENDANT ROBERT HALF INTERNATIONAL INC.'S
RESPONSE TO PLAINTIFF BONNIE MAGALLON'S
INTERROGATORIES
11197-0045/LEGAL120791327.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

These individuals are current employees of Defendant and may be contacted through Defendant's attorneys of record.

**INTERROGATORY NO. 12:**

Identify all complaints, disputes, lawsuits, regulatory actions, or other actions direct to you related to 15 U.S.C. § 1681b(b)(3)(A).

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous in its use of the terms "all," "complaints," "disputes," and "other actions." Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon office. Defendant objects to each and every Interrogatory insofar as it seeks information neither relevant to any material issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore unreasonably burdensome, oppressive, and harassing. Defendant also objects to this Interrogatory on the ground that it is harassing because it is duplicative of other requests propounded by Plaintiff, including but not limited to Request for Production No. 8. Defendant also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or immunity from discovery recognized in case law or conferred by statute. Defendant also objects

18- DEFENDANT ROBERT HALF INTERNATIONAL INC.'S
RESPONSE TO PLAINTIFF BONNIE MAGALLON'S
INTERROGATORIES
11197-0045/LEGAL120791327.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

## INTERROGATORY NO. 13:

Identify all complaints, disputes, lawsuits, regulatory actions, or other records identifying a problem regarding your use of consumer reports.

## RESPONSE TO INTERROGATORY NO. 13:

Defendant objects to this Interrogatory on the grounds that it seeks information that is outside the limited scope of discovery that is appropriate at this stage of the litigation, and would subject Defendant to oppression, harassment, and undue burden and expense. Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous in its use of the terms "all," "problem," "complaints," "disputes," and "other actions." Defendant objects to this Interrogatory on the ground that it is not reasonably limited in time to the extent it requests information from August 22, 2008 to August 22, 2011 because this time period falls outside of the two-year statute of limitations and no court has certified an FCRA class beyond the two-year statute of limitations period. *See McPherson*, 2014 WL 654573, at *5. Defendant also objects to this Interrogatory on the ground that it is not reasonably limited in scope because it requests documents beyond RHI's Eugene, Oregon and office. Defendant objects to this Interrogatory insofar as it seeks information neither relevant to any material issue in this matter nor reasonably calculated to lead to the discovery of admissible evidence, and is therefore unreasonably burdensome, oppressive, and harassing. Defendant also objects to this Interrogatory on the ground that it is harassing because it is duplicative of other requests propounded by Plaintiff, including but not limited to Request for Production No. 8 and Interrogatory No. 13. Defendant also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or immunity from discovery recognized in case law or conferred

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

by statute. Defendant also objects to this Interrogatory on the ground that its fact investigation and preparation for trial are not complete and are continuing as of the date of these objections and answers.

Dated: May 01, 2014                    PERKINS COIE LLP

By:  _____

Calvin L. Keith, OSB No. 814368
CKeith@perkinscoie.com
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Adam P. KohSweeney
(admitted *pro hac vice*)
akohsweeney@omm.com
Susannah K. Howard
(admitted *pro hac vice*)
showard@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: 415.984.8700
Facsimile: 415.984.8701
Attorneys for Defendant
Robert Half International Inc.

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## VERIFICATION

I, Lyn Irish, declare:

I am the Sr. Manager of Defendant Robert Half International Inc. ("RHI"). I am authorized to make this declaration and verification on behalf of RHI. I have read the foregoing DEFENDANT ROBERT HALF INTERNATIONAL INC.'S RESPONSE TO PLAINTIFF BONNIE MAGALLON'S INTERROGATORIES (the "Response") and know the contents thereof. As to those matters within my own personal knowledge, the facts contained in RHI's Response are true. The Response also contain facts that are not within my personal knowledge. I am informed there is no single agent or employee of RHI who has personal knowledge of all these matters, and that the Response is based upon information assembled by RHI. I am informed and believe that the facts in the Response, based upon that information, are true.

I declare under penalty of perjury under the laws of the United States and the law of the State of California that the foregoing is true and correct.

Executed on May 1, 2014, at Contra Costa County, in the state of California

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this date I served the foregoing **DEFENDANT ROBERT HALF**

3

**INTERNATIONAL INC.'S RESPONSE TO PLAINTIFF BONNIE MAGALLON'S**

4

**INTERROGATORIES** upon the following:

5

6    Robert S. Sola, OSB No. 84454
     Robert S. Sola, P.C.
7    8835 S.W. Canyon Lane, Suite 130
     Portland, Oregon 97225
8    rssola@msn.com
     Telephone:  503.295.6880
9    Facsimile:  503.291.9172

10
     *Attorney for Plaintiff*
11
     by causing a true copy thereof, addressed to the last-known address of the above, to be sent by
12
     the following indicated method or methods:
13

14   ☒   by **U.S. mail**, first-class postage prepaid, from Portland, Oregon.

15   ☐   by **hand-delivery**.

16   ☒   by **electronic mail.**

17

18   DATED: May 1, 2014.

19                                              Sarah J. Crooks, OSB No. 971512

20

21

22

23

24

25

26

PAGE  1-    CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

11197-0045/LEGAL29236740.1