**ROBERT S. SOLA**
Oregon State Bar No. 844541
 rssola@msn.com
Robert S. Sola, P.C.
1500 S.W. First Ave., Suite 800
Portland, Oregon 97201
Telephone (503) 295-6880
Facsimile (503) 243-4546

**JAMES A. FRANCIS** *(pro hac vice)*
**JOHN SOUMILAS** *(pro hac vice)*
**LAUREN KW BRENNAN** *(pro hac vice)*
FRANICS MAILMAN SOUMILAS, P.C.
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile (215) 940-8000

*Attorneys for Plaintiff Bonnie Magallon*

IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **BONNIE MAGALLON, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT HALF INTERNATIONAL, INC., a foreign corporation,**<br><br>Defendant. | Civil No. 6:13-cv-01478-SI<br><br>**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND LITIGATION EXPENSES** |

## LOCAL RULE 7-1 CERTIFICATION

Plaintiff Bonnie Magallon and the Certified Class and Defendant Robert Half International, Inc. (the Parties), through the Settlement preliminarily approved by the Court on December 11, 2024, anticipated the filing of this motion for an award of attorneys' fees and litigation costs and expenses and set forth specific procedures for a good faith effort to resolve any dispute concerning such an award. ECF 298-1 at ¶ 48, 101-107.  Pursuant to the terms of the Settlement Agreement, the Parties met via Zoom on December 17, 2024 with Judge Henry Kantor in an effort to reach an agreement, but were unable to do so. Plaintiff now therefore files this motion, consistent with the Settlement Agreement. ECF 298-1 at ¶ 104.

## MOTION

Plaintiff Bonnie Magallon hereby moves for an order awarding Class Counsel in this matter their reasonable attorneys' fees, costs, and litigation expenses pursuant to 15 U.S.C. §§ 1681n & 1681o, Fed. R. Civ. P. 23(h), and the Parties' Settlement Agreement (ECF 298-1).


Dated: January 24, 2025                    Respectfully submitted,

                                           BONNIE MAGALLON, *by her attorneys*,

                                           */s/ John Soumilas*
                                           James A. Francis
                                           John Soumilas
                                           Lauren KW Brennan
                                           **FRANCIS MAILMAN SOUMILAS, P.C.**
                                           1600 Market Street, Suite 2510
                                           Philadelphia, PA 19103
                                           (T) 215-735-8600
                                           (F) 215-940-8000
                                           jfrancis@consumerlawfirm.com
                                           jsoumilas@consumerlawfirm.com
                                           lbrennan@consumerlawfirm.com

**ROBERT S. SOLA**
Oregon State Bar No. 844541
Robert S. Sola, P.C.
1500 S.W. First Ave., Suite 800
Portland, Oregon 97201
Telephone (503) 295-6880
Facsimile (503) 243-4546
rssola@msn.com

*Attorneys for Plaintiff and the certified Class*

# TABLE OF CONTENTS

Table of Authories ........................................................................................................ iv

I.    Introduction.......................................................................................................... 1

II.   Provisions Of The Settlement For Establishing And Award Of Attorney's Fees And
      Expenses .............................................................................................................. 2

III.  Class Counsel's Supporting Records for this Fee Petition and Availability of Detailed
      Time Sheets........................................................................................................... 3

IV.   The History Of The Litigation Supports The Requested Award......................... 5

      A.    Phase 1 - Pre-Suit Investigation And Pleadings ..................................... 5

      B.    Phase 2 - Class Certification Discovery.................................................. 5

      C.    Phase 3 – Class Certification Briefing .................................................... 6

      D.    Phase 3 – RHI's Failed Efforts To Identify Class Members ................... 6

      E.    Phase 5 – Class Counsel's Review Of Records And Briefing Regarding
            Class List And Notice............................................................................. 7

      F.    Phase 6 – Merits Discovery And Supervision Of Notice To The Class ...... 8

      G.    Phase 7 – RHI's Motion For Summary Judgment................................... 8

      H.    Phase 8 –First Mediation And Expert Discovery .................................... 9

      I.    Phase 9 – Motions To Exclude Experts .................................................. 9

      J.    Phase 10 – Trial Preparation, Second Mediation, And Motion To Decertify......... 9

      K.    Phase 11 – Further Trial Preparation, Successful Third Mediation, And
            Drafting Of Settlement Documents ....................................................... 9

      L.    Phase 12 – Conclusion Of The Case: Settlement Approval And
            Administration, Fee Negotiations, And Fee Petition ........................... 10

      M.    Litigation Costs And Expenses............................................................. 11

V.    Legal Standard ................................................................................................. 12

VI.   Arguments and Authorities............................................................................... 14

      A.    The Court Should Approve The Requested Attorneys' Fees In Full.................... 14

1.     Hours Expended And Sufficiency Of Lodestar Documentation............... 15

2.     Hourly Rates ............................................................................. 16

3.     The Strong Result Obtained For The Class Emphasizes The
        Reasonableness Of The Requested Fee Award ........................................ 18

B.     The Court Should Award $94,440.52  In Litigation Expenses............................ 18

VII.   Conclusion .......................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barel v. Bank of America,*
    255 F.R.D. 393 (E.D. Pa. 2009) .................................................................17

*In re Bluetooth Headset Prods. Liability Litig.,*
    654 F.3d 935 (9th Cir 2011) .............................................................12, 18

*Bryant v. TRW, Inc.,*
    689 F.2d 72 (6th Cir. 1982) ......................................................................12

*Camacho v. Bridgeport Fin. Inc.,*
    523 F.3d 973 (9th Cir. 2008) ...................................................................16

*City of Burlington v. Dague,*
    505 U.S. 557 (1992) ..................................................................................14

*City of Riverside v. Rivera,*
    477 U.S. 561 (1986) ...........................................................................12, 13

*Clark v. City of L.A.,*
    803 F.2d 987 (9th Cir. 1986) ...................................................................11

*Der Hacopian v. SentryLink,*
    C.A. 18-3001 (ECF 66) (D. Md., Nov. 23, 2020 Hearing Transcript) ...................17

*Fischer v. SJB-P.D. Inc.,*
    214 F.3d 1115 (9th Cir. 2000) .................................................................15

*Gates v. Deukmejian,*
    987 F.2d 1392 (9th Cir. 1992) .................................................................16

*Grove v. Wells Fargo Fin. California, Inc.,*
    606 F.3d 577 (9th Cir. 2010) ...........................................................11, 18

*Gutierrez v. Wells Fargo Bank, N.A.,*
    2015 WL 2438274 (N.D. Cal. May 21, 2015) .........................................11

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983) ...........................................................................13, 15

*Holman v. Experian Info. Sols., Inc.,*
    No. 11-CV-0180 CW (DMR), 2014 WL 7186207 (N.D. Cal. Dec. 12, 2014) .................12

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007) ..................................................................18

*Jordan v. Multnomah County*,
  815 F.2d 1258 (9th Cir. 1987) ............................................................................12

*Kelly v. Business Information Group*,
  C.A. 15-6668, 2019 WL 414915 (E.D. Pa. 2019) ..................................................17

*Kerr v. Screen Extras Guild, Inc.*,
  526 F.2d 67 (9th Cir. 1975) ...........................................................................17, 18

*Larson v. Trans Union, LLC*,
  C.A. 12-cv-05726, 2015 WL 3945052 (N.D. Cal. June 26, 2015) ..........................17

*Lopez v. CIT Bank, N.A.*,
  No. 15-cv-00759-BLF, 2016 WL 3163175 (N.D. Cal. June 7, 2016) .....................13

*Magallon v. Robert Half Int'l, Inc.*,
  2023 WL 1796422 (D. Or. Feb. 7, 2023) ................................................................8

*Martinez v. Avantus, LLC*,
  343 F.R.D. 254 (D. Conn. 2023) ..........................................................................17

*Missouri v. Jenkins by Agyei*,
  491 U.S. 274 (1989) ............................................................................................16

*Moreno v. City of Sacramento*,
  534 F.3d 1106 (9th Cir. 2008) .............................................................................16

*Paeste v. Gov't of Guam*,
  624 F. App'x 488 (9th Cir. 2015) .........................................................................15

*Patel v. Trans Union, LLC*,
  308 F.R.D. 292 (N.D. Cal. 2015) .........................................................................17

*Perdue v. Kenny A. ex rel Winn*,
  559 U.S. 542 (2010) ............................................................................................12

*Prison Legal News v. Columbia County*,
  2014 WL 1225100 (D. Or. Mar. 24, 2014) .................................................14, 15, 18

*Ramirez v. Trans Union, LLC*,
  2022, WL 17722395 (N.D. Cal. Dec. 15, 2022) ..............................................13, 17

*Six Mexican Workers v. Ariz. Citrus Growers*,
  904 F.2d 1301 (9th Cir. 1990) .............................................................................14

*Syed v. M-I LLC*,
  No. 1:14-cv-00742-WBS-BAM, 2019 WL 3564467 (E.D. Cal. Aug. 6, 2019) ....................13

*Taylor v. GFK Custom Research, LLC*,
  No. 1:16-cv-09968 (S.D.N.Y) ...............................................................................13

*Tolentino v. Friedman*,
  46 F.3d 645 (7th Cir. 1995) ...............................................................................12

*Watkins v. Hireright, Inc.*,
  No. 13-CV-1432-BAS-BLM, 2016 WL 5719813 (S.D. Cal. Sept. 30, 2016)........................13

*White v. Equifax Info. Solutions*,
  No. 05-01070, 2014 WL 1716154 (C.D. Cal. May 1, 2014), *aff'd sub nom.*
  *Radcliffe v. Equifax Info. Sol'ns., Inc.*, 818 F.3d 537 (9th Cir. 2016) ....................17

*Yeagley v. Wells Fargo & Co.*,
  365 F. App'x 886 (9th Cir. 2010) .......................................................................12

**Statutes**

15 U.S.C. §1681 .................................................................................... *passim*

Truth in Lending Act and the Fair Debt Collection Practices Act.................................12

**Rules and Other Sources**

Fed. R. Civ. P. 23(h) ..........................................................................1, 18

Fed. R. Civ. P. 26(a)(1).............................................................................5

https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/local-rules/civil-
  procedure/1805-lr-54-bill-of-costs-and-attorney-fees ...........................................16

https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/public-
  notices/355-fee-petitions;.......................................................................15

LOCAL RULE 7-1 .....................................................................................1

## I.   INTRODUCTION

After more than a decade of litigation, Class Counsel seek to recover their attorney's fees, costs, and litigation expenses in this consumer protection case brought under the Fair Credit Reporting Act (FCRA), a fee-shifting statute, which was resolved via settlement on October 10, 2024.   This Court granted preliminary approval of the Settlement Agreement on December 11, 2024. ECF 304.   In the Settlement Agreement (ECF 298-1), Defendant Robert Half International, Inc.[1] has agreed to pay Class Counsel's reasonable attorneys' fees, costs and expenses on a lodestar basis, as awarded by the Court pursuant to 15 U.S.C. §§ 1681n & 1681o.   ECF 298-1 at ¶ 46. Consistent with the terms of the settlement, the Parties have attempted to reach agreement concerning the appropriate amount of fees, costs and expenses, including by participating in a mediation with the assistance of Judge Henry Kantor on December 17, 2024. The Parties were not able to reach an agreement as a result of these discussions.

Plaintiff therefore seeks a total award, encompassing fees, costs, and litigation expenses of $4,375,719.32.   The total lodestar at counsel's current hourly rates (the proper benchmark for a fee petition) is $4,281,278.80, and counsel have expended an additional $94,440.52 in litigation costs and expenses to prosecute this matter. As will be discussed below, counsel's request is reasonable under the circumstances here and should be approved.

Plaintiff therefore respectfully requests that the Court enter an order awarding her counsel reasonable attorneys' fees, costs, and litigation expenses.

---

[1]       Now known as Robert Half Inc.

## II.   PROVISIONS OF THE SETTLEMENT FOR ESTABLISHING AN AWARD OF ATTORNEYS' FEES AND EXPENSES

The October 10, 2024 Settlement Agreement entered into by the Parties makes clear that the Settlement does not establish a common fund, and that RHI has agreed to pay Class Counsel's reasonable attorneys' fees as awarded by the Court on a lodestar basis.  ECF 298-1 at ¶¶ 46, 101, 105. The Agreement furthermore sets forth a detailed process for establishing the award of attorneys' fees and litigation costs and expenses.  *Id.* at ¶ 48.

First, the Settlement Agreement calls for Class Counsel to provide an outline of its proposed fee petition to RHI, including "detailed identification of Class Counsel's lodestar," including anticipated time necessary to complete the process of settlement approval and administration.  *Id.* at ¶¶ 48, 101.  Class Counsel provided a detailed ten (10) page summary of their lodestar to RHI's counsel on November 12, 2024, which identified the time expended by the attorneys and paralegals working on behalf of Plaintiff and the Class for twelve (12) distinct phases of the case, and each timekeeper's hourly rate.  Declaration of John Soumilas ("Soumilas Decl.") at ¶ 15 and Ex. B thereto.  This summary furthermore explained that the hourly rates were set based upon the 2022 Oregon State Bar Economic Survey, adjusted for inflation consistent with the local civil rules.  *Id.*

Although the Settlement Agreement does not require the production of Class Counsel's complete time sheets at any stage of the fee proceedings, RHI's counsel requested production of such records on November 15, 2024.  Soumilas Decl. at ¶ 16 and Ex. B thereto.  Class Counsel offered to produce their complete time sheets for the purpose of evaluating the reasonableness of time billed for particular tasks if RHI agreed to do the same for the firms that have conducted those or similar tasks in defending this matter.  *Id.* at ¶ 17 and Ex. B thereto. RHI did not respond to this proposal.  *Id*. at ¶¶ 18-19 and Exs. B-C thereto.

The Parties proceeded to the next phase of the fee process provided for in the Settlement Agreement – a good faith attempt to address any concerns by RHI regarding Class Counsel's fees, including a mediation with the assistance of Judge Kantor to occur by December 25, 2024 (seventy-five days after the Parties provided notice to the Court of the Settlement).  ECF 298-1 at ¶ 102.  The fee mediation took place on December 17, 2024, and the Parties were unable to reach an agreement.  Soumilas Decl. at ¶ 20.

The Settlement Agreement required RHI to "notify Plaintiff as to whether it intends to oppose the fee petition once filed" by December 25, 2024.  *Id.* at ¶ 103.  RHI did not do so by December 25, or thereafter.  Soumilas Decl. at ¶ 21.

Class Counsel therefore submit this fee petition for resolution by the Court.  ECF 298-1 at ¶ 104.  Pursuant to the Settlement Agreement, unless the Parties reach an agreement, "RHI shall pay the total amount of attorneys' fees, costs, and expenses award by the Court" as a result of the resolution of this motion.  *Id.* at ¶ 105.

## III.   CLASS COUNSEL'S SUPPORTING RECORDS FOR THIS FEE PETITION AND AVAILABILITY OF DETAILED TIME SHEETS

Class Counsel supports this fee petition with the declarations of counsel filed herewith, which provide substantial detail concerning the history of the litigation, the tasks conducted, how tasks and assignments were apportioned among counsel and support staff, and counsel's timekeeping practices.  Soumilas Decl. at ¶¶ 2-3, 13; Sola Decl. at ¶¶ 2-13. These declarations also explain that Class Counsel have already excluded duplicative and redundant time, time expended by law student interns spent on factual and legal research, and time expended by one partner of Francis Mailman Soumilas, P.C. *See* Soumilas Decl. at ¶ 13, 15; Sola Decl. at ¶ 13.

The declarations submitted herewith provide a detailed breakdown of the time expended by each attorney and paralegal who was involved in the litigation, identifying the timekeeper, their

hourly rate, and the amount of time expended during each of the twelve phases of the litigation set explained in detail in section IV below.  Soumilas Decl. at ¶ 23; Sola Decl. at ¶ 19.[2]  These declarations also attach supporting documentation derived from each firm's books and records concerning the litigation expenses sought in this motion.  Soumilas Decl. at ¶ 32 and Ex. D thereto; Sola Decl. at ¶ 43.

Class Counsel does not submit herewith the detailed time sheets themselves because they include entries which contain information subject to work product protection and/or attorney client privilege, and which could jeopardize the interests of Plaintiff and the Class if filed publicly or revealed to RHI, particularly in the event that the Settlement does not become final. *See* 298-1 at ¶¶ 13(c), 82, 108(c)-(e), 110, 111) (Settlement only becomes effective after resolution of any appeals; return to litigation posture if Settlement is not ultimately approved). Additionally, Class Counsel does not have any basis to believe that RHI intends to oppose this fee petition based upon the contents of Class Counsel's detailed timesheets, because RHI did not accept Class Counsel's offer to exchange time sheets, and RHI did not notify Class Counsel by December 25, 2024 that it intends to oppose this fee petition as required by ¶ 103 of the Settlement Agreement.

Class Counsel estimate that review and redactions of their time sheets for privileged material would require approximately 45 additional hours to review over eleven thousand (11,000) time entries, even assuming only 15 seconds of review per entry.  Soumilas Decl. at ¶ 25; Sola Decl. at ¶ 11.  Class Counsel have not conducted such a review in order to avoid unnecessary additional expenditure of time in an already lengthy case.

---

[2]       The same level of detail, including the same twelve phases, were set forth in the November 2024 version of the chart provided in RHI in November 2024.  Soumilas Decl. at ¶ 15.  Class Counsel's charts have now been updated to reflect time expended since November 12, 2024, and to reflect the further review of counsel's time records to remove duplicative and redundant time entries, and to properly estimate time going forward from January 22, 2025 through the end of the case.

To the extent the Court wishes to review these detailed time sheets, Class Counsel are prepared to provide them to the Court upon request via overnight delivery for an *in camera* review.

## IV.  THE HISTORY OF THE LITIGATION SUPPORTS THE REQUESTED AWARD

Class Counsel's lodestar is entirely justified in this case in light of the work and skill needed to prosecute it, the result obtained, and the history of this case, including the sustained pattern by RHI's original out-of-state counsel of forcing unnecessary motion practice, resistance to producing relevant information, and decade-long refusal to discuss settlement.  As detailed below, all of the time Class Counsel expended was necessary to achieve the excellent result for the Class provided by the Settlement.

### A.  <u>Phase 1 - Pre-Suit Investigation And Pleadings</u>[3]

On August 22, 2013, Plaintiff filed a Complaint alleging a willful violation of section 1681b(b)(3) of the FCRA. The Complaint followed a period of detailed pre-suit investigation.  In her Complaint, Plaintiff alleged that Defendant violated the FCRA by taking adverse action against candidates for employment based upon the results of consumer reports, without first providing the consumer with notice and a copy of the relevant report. On December 16, 2013, Defendant filed an Answer to the Complaint. ECF 5.

### B.  <u>Phase 2 - Class Certification Discovery</u>

The Parties then began a first phase of discovery, including negotiation and entry of a Rule 26(a)(1) agreement (ECF 4) and stipulated protective order (ECF 17), and service of written discovery requests by both parties.  During this phase of the case, Plaintiff took the depositions of 4 witnesses, as well as preparing for and defending Plaintiff's Magallon's deposition.  In addition to discovery between the Parties, Plaintiff sought and reviewed third-party discovery from General

---

[3]     As noted in the Soumilas Decl., these phases are intended to broadly summarize the progress the case, and are not intended to be strict or exclusive.  Soumilas Decl. at fn. 2.

Information Services, Inc., Defendant's source of consumer reports during the relevant time period.

### C. **Phase 3 – Class Certification Briefing**

The Parties then extensively briefed the issue of class certification, including Plaintiff's Motion for Class Certification (ECF 31) and Defendant's separate Motion to Deny Class Certification (ECF 34). On November 10, 2014, the Court granted the motion for class certification, certifying a class defined as:

> All natural persons residing in the United States  (including territories and other political subdivisions) who: (i) applied for temporary employment placement through RHI; (ii) about whom RHI obtained a consumer  report for employment purposes from the General Information Services, Inc., from August 22, 2008, until the present; (iii) the consumer report contained either a "red flag" or a "yellow flag"; and (iv) RHI determined the applicant was "not placeable." The class does not include any person who applied for placement through RHI in June 2012 or later, signed the arbitration agreement acknowledgment form, and did not opt out of the arbitration agreement within 30 days.

ECF 45 at p. 35.

### D. **Phase 3 – RHI's Failed Efforts To Identify Class Members**

The Parties then spent substantial time and resources on the identification of class members.  After multiple requests by Class Counsel and an application to the Court to set a deadline for production of the class list, RHI first produced information about class membership in May 2016, six months after the certification order.  ECF 52.  But instead of producing a full list, RHI produced a spreadsheet identifying 4,600 applicants (less than 10% of the number of applicants with a red or yellow flag during the class period), and stating for the vast majority of them that their status as class members was "to be determined."  ECF 60-1. In order to understand precisely what RHI did (and did not) do to compile this purported class list, Plaintiff took depositions of three RHI witnesses, only after approval of a limiting protective order submitted at

RHI's insistence.  ECF 56.  These depositions revealed that RHI failed to take key steps to identify class members, leading to a motion to compel by Plaintiff.  ECF 59.

The Court permitted RHI a second opportunity to consult the relevant records and compile a "complete and accurate" class list by May 15, 2017 (later extended to June 2017) and warned RHI that if it failed to do so, it would compel a production of documents for Class Counsel's review.  ECF 62; ECF 69.  In June 2017, RHI produced an "Amended Class List" identifying only 1,382 individuals.  ECF 81.  Plaintiff again sought discovery about RHI's efforts to compile this list, and once again learned that RHI had failed to consult available records relevant to the objective criteria in the class definition. *Id.*  Consequently, Plaintiff filed another motion to compel. *Id.* The Court found that RHI's process suffered from "serious gaps and errors," and therefore granted the motion, ordering RHI to produce relevant documents for Class Counsel's review.  ECF 89.

### E.  Phase 5 – Class Counsel's Review Of Records And Briefing Regarding Class List And Notice

The resulting production spanned over 35,000 documents, which Class Counsel exhaustively reviewed to identify class members excluded by RHI.  *See* ECF 133 (detailing review process).  During this period, Plaintiff also took depositions concerning the nature and sources of the records produced to confirm the completeness and relevance of the production.  On April 1, 2020, Plaintiff provided RHI's counsel with the "Updated Class List" resulting from this review, and an explanation of the objective criteria used to compile it.  ECF 133-3.  Despite expressing an interested in mediation during a May 28, 2020 status conference with the Court, and multiple efforts by Class Counsel to reach out regarding the class list and settlement discussions, RHI's counsel failed to provide any response whatsoever until the date a status report was due to the Court.  ECF 139-1 at ¶¶ 5-15.

Class Counsel subsequently reached out to RHI concerning the Updated Class List and the potential for settlement and did not receive any substantive response. *Id.* at ¶¶ 18-21. RHI ultimately declined to engage in any settlement discussions concerning the Updated Class List, instead insisting upon briefing the validity of the list before the Court in late 2020. ECF 133; ECF 138; ECF 139. On March 10, 2021, the Court ruled on this briefing, confirming that Class Counsel's objective review of RHI records identified 2,363 class members. ECF 147.

During the same time period, RHI's counsel also refused to engage with Class Counsel concerning the form of Notice to be sent to class members, insisting on briefing the form of Notice before the Court. ECF 133; ECF 138; ECF 139; ECF 139-1 at ¶¶ 9, 12-17. The Court approved Plaintiff's proposed Notice, which was sent to class members on June 30, 2021.

### F.   Phase 6 – Merits Discovery And Supervision Of Notice To The Class

The Parties then conducted merits discovery, including 2 depositions and had negotiations concerning stipulations regarding RHI's net worth, and resolved certain merits discovery disputes including with the assistance of the Court. *See* ECF 153 (Transcript of June 4, 2021 status conference). The parties proposed to conduct dispositive motion practice after the close of fact discovery on the merits, with expert discovery to follow resolution of dispositive motions. ECF 159. During this time period, Class Counsel also supervised the activities of the Settlement Administrator in providing Notice to the individuals on the Updated Class List.

### G.   Phase 7 – RHI's Motion For Summary Judgment

RHI moved for summary judgment on January 7, 2022, asserting that Plaintiff lacks Article III standing, that RHI complied with FCRA section 1681b(b)(3), and that Plaintiff had not shown a willful violation sufficient to recover FCRA statutory and punitive damages. ECF 161. On February 7, 2023, the Court denied RHI's motion in all respects. *Magallon v. Robert Half Int'l,*

*Inc.*, 2023 WL 1796422 at *6-7 (D. Or. Feb. 7, 2023). Just over two weeks later, RHI's current counsel entered their appearances. ECF 171-173.

### H. **Phase 8 –First Mediation And Expert Discovery**

The Parties participated in a court-ordered mediation, but were unable to resolve the case, and therefore proceeded to the final stage of discovery in this matter: expert discovery on merits issues. ECF 185, 192. RHI and Plaintiff each disclosed two expert witnesses, and each was deposed.

### I. **Phase 9 – Motions To Exclude Experts**

Each of the four disclosed experts was the subject of a motion to exclude, which was fully briefed. ECFs 198, 199, 201, 202, 203, 205, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217.

### J. **Phase 10 – Trial Preparation, Second Mediation, And Motion To Decertify**

While the motions to exclude experts were pending, the Parties began preparation of pre-trial materials pursuant to the Court's Order. ECF 192. The trial preparations included submission of numerous pre-trial documents and conducting trial depositions of several RHI witnesses as permitted by the Court. ECFs 232-252; 254-262; 267; 271-272; 276-278; 282; 289-294. At the same time, the Parties also participated in another mediation with Judge Henry Kantor on August 30, 2024, but the case again did not settle.

On August 5, 2024, RHI filed its Motion to Decertify the Class, and the Parties submitted detailed briefing on decertification. ECFs 273-275; 279-281; 283-284. The motion to decertify was denied on September 13, 2024. ECF 287.

### K. **Phase 11 – Further Trial Preparation, Successful Third Mediation, And Drafting Of Settlement Documents**

Following denial of the decertification motion, the Parties scheduled a mediation with Judge Kantor on September 28, 2024, but continued to prepare for the trial scheduled to begin

October 21, 2024. These preparations included preparing submitting further trial documents including Plaintiff's Objections to Defendant's Exhibit List and supporting material (ECF 290; ECF 291), Plaintiff's Supplemental Deposition Designations (ECF 292), and Plaintiff's Request for Judicial Notice (ECF 293), and negotiating possible stipulations regarding evidence, preparing to examine trial witnesses, and preparing demonstrative exhibits. The September 28 mediation and subsequent discussions with Judge Kantor's assistance resulted in a class-wide settlement, and the Parties filed a Notice of Settlement with the Court on October 11, 2024. ECF 294.

**L.  Phase 12 – Conclusion Of The Case: Settlement Approval And Administration, Fee Negotiations, And Fee Petition**

After further detailed discussions and the exchange of multiple drafts of the Settlement Agreement and Exhibits, Class Counsel filed the Motion for Preliminary Approval on November 12, 2024. ECF 298. The Court initially denied preliminary approval, directing the Parties to make certain specific modifications to the proposed notices to the Class and submit an Amended Motion for Preliminary Approval. ECF 299. Class Counsel made modifications to the proposed notices and proposed Preliminary Approval Order, including in consultation with the Settlement Administrator, and filed the Amended Motion for Preliminary Approval on December 4, 2024. ECF 303. The Court granted preliminary approval of the Settlement on December 11, 2024. ECF 304.

Consistent with the terms of the Settlement Agreement, Class Counsel compiled and summarized more than ten years of time records and provided this summary to RHI's counsel on November 12, 2024 in preparation for the contemplated mediation regarding fees. ECF 298-1 at

¶¶ 48, 101-107; Soumilas Decl. at ¶ 15.[4]  The Parties conducted the mediation regarding attorneys'

fees and expenses on December 17, 2024, but were not able to reach agreement. *Id.* at ¶ 20.

Class Counsel have included in this submission their time spent preparing this Fee Petition,

as well as time they anticipate spending preparing a reply brief to respond to RHI's opposition.

*See Clark v. City of L.A.,* 803 F.2d 987, 992 (9th Cir. 1986) (time spent preparing fee application

is compensable).  Consistent with the terms of the Settlement Agreement, this Fee Petition further

includes estimates for the time Class Counsel anticipate they will expend through the conclusion

of this case, on supervising Notice to the Class, responding to any class member communications,

preparing the Motion for Final Approval, attending the Final Approval Hearing, and supervising

the delivery of payments pursuant to the Settlement Agreement if final approval is granted.  *See*

ECF 298-1 at ¶ 101.

### M. Litigation Costs And Expenses

In addition to Class Counsel's reasonable attorneys' fees, RHI has also agreed through the

Settlement Agreement to pay Class Counsel's costs and expenses as awarded by the Court. ECF

298-1 at ¶ 46. Litigation costs under the FCRA include not just taxable costs, but any out-of-pocket

expenses that would normally be charged to a paying client. *Grove v. Wells Fargo Fin. California,*

*Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL

2438274, at *9 (N.D. Cal. May 21, 2015) (awarding reasonable non-taxable litigation expenses).

Class Counsel incurred $94,440.52 in litigation expenses in connection with this case. The costs

---

[4]       The summary of time provided to RHI's counsel on November 12, 2024 included actual time expended through November 11, 2024, and estimates for time going forward from November 12, 2024 through the conclusion of the case.  The summary charts included in the Soumilas Decl. and Sola Decl. filed herewith have been updated to reflect actual time expended through January 22, 2025, and revised estimates of time going forward from January 23, 2025 to the conclusion of the case.

expended by counsel are detailed in the Soumilas Decl. at ¶ 32 and Exhibit D thereto, and the Sola Decl. at ¶ 43.

## V.   LEGAL STANDARD

While the proposed settlement preliminarily approved by this Court provides a contractual basis for an award of attorneys' fees and costs here, the underlying justification for that award in this case arises from the fee-shifting provisions of the FCRA. 15 U.S.C. §§ 1681n(a)(3). Indeed, this case was not settled as a common fund, or any type of fund, and compensation for Plaintiff's attorneys was not disclosed or negotiated while the parties were negotiating compensation per class member.  ECF 298-1 at ¶¶ 46, 48. Nor are attorneys' fees reducing the compensation of any class member; they are being paid separately by Defendant.  *Id.*

Congress provided the FCRA's fee-shifting provisions "to enhance enforcement of important civil rights, consumer-protection, and environmental policies," *Tolentino v. Friedman*, 46 F.3d 645, 6523 (7th Cir. 1995), by private litigants like Plaintiff here. *See also City of Riverside v. Rivera*, 477 U.S. 561, 574–575 (1986) ("A fee-shifting provision's purpose is to encourage private litigants to enforce the laws that protect the public in areas like civil rights, consumer protection and the environment.") (emphasis added); *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 558 (2010); *Bryant v. TRW, Inc*., 689 F.2d 72, 80 (6th Cir. 1982) ("We have no doubt that Congress intended in authorizing attorney's fees in lawsuits under the FCRA . . . to make use of the private attorney general concept."). Courts consider an award of attorneys' fees and costs mandatory in successful FCRA cases. *Holman v. Experian Info. Sols., Inc*., No. 11-CV-0180 CW (DMR), 2014 WL 7186207, at *3-4 (N.D. Cal. Dec. 12, 2014) (FCRA fee-shifting provision "virtually identical to the fee provisions in the Truth in Lending Act and the Fair Debt Collection

Practices Act, which the Supreme Court and various Circuits have held to be mandatory.")
(citations omitted).

The Ninth Circuit has instructed that, "[t]he lodestar method is generally the correct method
for calculating attorneys' fees under a fee-shifting statute such as the FCRA." *Yeagley v. Wells
Fargo & Co.*, 365 F. App'x 886, 886–87 (9th Cir. 2010) (citing *Staton v. Boeing Co.*, 327 F.3d
938, 965 (9th Cir. 2003)); *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 941-42
(9th Cir 2011) *see also Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) ("The
most useful starting point for determining the amount of a reasonable fee is the number of hours
reasonably expended on the litigation multiplied by a reasonable hourly rate.") (citation omitted).
There is a strong presumption that the lodestar figure represents a reasonable fee. *Hensley v.
Eckerhart*, 461 U.S. 424, 434 n.9 (1983). Indeed, the U.S. Supreme Court has upheld counsel fees
many times the amount of the plaintiff's recovery cases brought pursuant to federal fee statutes
providing for fee shifting. *See City of Riverside v. Rivera*, 477 U.S. at 578 (rejecting the notion
that a reasonable fee in a fee-shifting case must be proportionate to the plaintiffs' recovery and
awarding attorneys' fees more than seven (7) times the value of plaintiffs' recovery because "[a]
rule of proportionality would make it difficult, if not impossible, for individuals with meritorious
civil rights claims but relatively small potential damages to obtain redress from the courts."

Courts addressing FCRA class action settlements routinely award attorneys' fees and costs
on such a lodestar basis rather than as a percentage of recovery, particularly in connection with
protracted litigation such as the present case.  *See Ramirez v. Trans Union, LLC*, 2022, WL
17722395, at *7-8 (N.D. Cal. Dec. 15, 2022) (awarding attorneys' fees on a lodestar basis in FCRA
class action pending for ten years in settlement following trial and multiple appeals); *see also
Watkins v. Hireright, Inc.*, No. 13-CV-1432-BAS-BLM, 2016 WL 5719813, at *2 (S.D. Cal. Sept.

30, 2016) (approving request for $655,000 in attorneys' fees, and $60,000 in costs, when class's recovery was a separate $460,000); *Syed v. M-I LLC*, No. 1:14-cv-00742-WBS-BAM, 2019 WL 3564467, at *8 (E.D. Cal. Aug. 6, 2019) (awarding $299,809 in attorneys' fees when class's recovery was approximately $256,000); *Lopez v. CIT Bank, N.A.*, No. 15-cv-00759-BLF, 2016 WL 3163175, at *9 (N.D. Cal. June 7, 2016) (granting $78,795 in attorneys' fees when class's recovery was $50,000); *Taylor v. GFK Custom Research, LLC*, No. 1:16-cv-09968 (S.D.N.Y) at ECF 46 (granting motion for attorneys' fees in FCRA class settlement "based upon reasonable hours expended and reasonable hourly rates" rather than as percentage of recovery).

## VI.   ARGUMENTS AND AUTHORITIES

### A.   <u>The Court Should Approve The Requested Attorneys' Fees In Full</u>

In light of the mandatory fee shifting provision of the FCRA, the excellent result achieved for the Settlement Class which provides near the maximum available statutory damages for each Settlement Class Member, and the necessity of the work conducted to achieve this result regardless of the class size, a lodestar calculation is the appropriate method to analyze the fee request here. *See* section V *supra*; *see also Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (lodestar calculation for class settlement can be warranted by specific circumstances). There is a "strong presumption" that the lodestar amount constitutes a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Prison Legal News v. Columbia County*, 2014 WL 1225100, at *4 (D. Or. Mar. 24, 2014). Furthermore, the Settlement Agreement entered into by the Parties explicitly states that the Settlement does not establish a common fund, and that fees will be awarded pursuant to FCRA §§ 1681n and 1681o following a fee petition on a lodestar basis. ECF 298-1 at ¶¶ 46, 48.

As detailed below and the declarations of counsel, the lodestar for Plaintiff's counsel here is as follows: $3,505,976.30 reflecting 4975.3 hours expended by the attorneys and paralegals of

Francis Mailman Soumilas, P.C. (Soumilas Decl. at ¶ 30), and $775,302.5 reflecting 1520 hours expended by the attorneys of Robert S. Sola P.C. (Sola Decl. at ¶¶ 11, 19), for a total of $4,281,278.80 over the fourteen-year duration of this case.

### 1.     Hours Expended And Sufficiency Of Lodestar Documentation

The attorneys, paralegals, and staff at Francis Mailman Soumilas, P.C. and Robert S. Sola, P.C. who worked on this case all kept detailed time records, tracking the tasks completed, the amount of time expended, the date the work was completed, and specifying the nature of the work. Soumilas Decl. at ¶ 23; Sola Decl. at ¶ 11.  In support of this Fee Petition, Class Counsel submit an updated version of the detailed summary of the time expended during the twelve stages of the case outlined above, detailing their work on this matter broken down by time keeper.  Soumilas Decl. at ¶ 23;  Sola Decl. at ¶ 19.

This submission provides the necessary degree of specificity required in order to evaluate a fee petition under applicable Supreme Court and Ninth Circuit case law.  *See Hensley*, 461 U.S. at 437, n.12 (noting that counsel are "not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures."); *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1122 (9th Cir. 2000) (holding that summary of time spend on categories of tasks was sufficient to support fee petition); *Paeste v. Gov't of Guam*, 624 F. App'x 488, 490 (9th Cir. 2015) (same).[5] The declarations of counsel submitted herewith also set forth the basis for the division of labor among the attorneys and paralegals in an efficient manner.

---

[5]      As noted in section III above, Class Counsel are prepared to promptly submit the time records underlying the detailed summaries filed herewith for *in camera* review upon the Court's request.  These records do not include "block" billing and provide substantial detail concerning the work conducted, including the subjects and participants of conferences, telephone calls, and correspondence, consistent with this Court's guidance regarding fee petitions. *See* https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/public-notices/355-fee-petitions; *Prison Legal News*, 2014 WL 1225100, at *2-3 (citing guidance and case law regarding block billing).

*See* Declarations of counsel.  There was no time for which compensation is now requested in this case that was "excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 433.

Plaintiff's counsel handled this matter in a streamlined and cost-effective manner.  The attorneys apportioned tasks and assignments to avoid duplicative work, and achieved excellent results in all phases of litigation, in the face of sustained resistance by RHI.  Furthermore, Class Counsel have already excluded time for certain timekeepers including a partner at Francis Mailman Soumilas, P.C., and time expended by student interns on factual and legal research.  Soumilas Decl. at ¶ 23.

All the time set forth in the declarations of counsel was reasonably necessary to achieve the successful outcome for the Plaintiff and the Class against RHI, including overcoming the duplicative motion practice and recalcitrant tactics of RHI's former counsel, and prevailing on virtually every motion presented to the Court. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

### 2.    Hourly Rates

The hourly rates charged for Plaintiff's counsel here are reasonable and appropriate in the Portland, Oregon legal market and in light of counsel's qualifications and experience.  It is well established that appropriate hourly rates are "the prevailing market rate in the relevant community," and that the relevant community is the forum in which the district court sits. *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 978-79 (9th Cir. 2008).

Class Counsel have set their hourly rates based upon the 2022 Oregon State Bar Economic Survey.  Soumilas Decl. at ¶¶ 27-30; Sola Decl. at ¶¶ 14-18. Because the 2022 Survey reflects 2021 rates, Plaintiff's counsel here have made an adjustment for inflation consistent with the local

16 – Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Litigation Expenses

civil rules.[6] *See also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989) (hourly rate to be used in lodestar analysis is current market rate at the time of the fee petition; increase over rates charged at time services provided is appropriate to account for delays in payment); *Gates v. Deukmejian*, 987 F.2d 1392, 1406-07 (9th Cir. 1992) (same).

These hourly rates appropriately reflect the high degree of skill, experience, and expertise of Class Counsel. The attorneys who worked on this litigation all concentrate their practice in the area of consumer protection litigation – indeed, Class Counsel has decades of experience in consumer class actions in general and those brought under the FCRA in particular, and have been commended by federal courts throughout the country over many years for their litigation proficiency, expertise, and high quality work product.[7] The history and biography of the attorneys are set forth in Exhibit A to the Soumilas Declaration, and in paragraphs 20-42 of the Sola Declaration.

---

[6]     https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/local-rules/civil-procedure/1805-lr-54-bill-of-costs-and-attorney-fees.

[7]     *See, e.g., Barel v. Bank of America*, 255 F.R.D. 393, 398-99 (E.D. Pa. 2009) (finding firm "competent, experienced and well-qualified to prosecute class actions" and noting that class counsel "have done an excellent job in representing the class in the instant litigation."); *Martinez v. Avantus, LLC,* 343 F.R.D. 254, 266 (D. Conn. 2023)(firm "has substantial experience in class action litigation, including FCRA class actions….[and] demonstrated proficiency at all stages of suit"); *Ramirez v. Trans Union, LLC*, 2022 WL 17722395 (N.D. Cal. Dec. 15, 2022)("Courts have consistently recognized Francis Mailman Soumilas 'for its expertise in FCRA litigation and the high caliber of its work for the classes it represents.'"); *Der Hacopian v. SentryLink*, C.A. 18-3001 (ECF 66) (D. Md., Nov. 23, 2020 Hearing Transcript) (firm "many, many times in the past has been found to be not just qualified or competent, but extremely well-qualified and competent to represent consumer classes in many, many other jurisdictions, not only this particular jurisdiction"); *Flores*, 2017 WL 1177098, at *3 (firm "has extensive experience in consumer class action litigation); *White v. Equifax Info. Solutions*, No. 05-01070, 2014 WL 1716154, at *13, 19, 22 (C.D. Cal. May 1, 2014), *aff'd sub nom. Radcliffe v. Equifax Info. Sol'ns., Inc.*, 818 F.3d 537, 548 (9th Cir. 2016) (appointing FMS, Caddell & Chapman, and their team as interim class counsel over objections from a competing national law firm (Boies Schiller) because firm's team's "credentials and experience [we]re significantly stronger in class action and FCRA litigation."); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 307 (N.D. Cal. 2015) (FMS "have represented consumer classes in many cases in many districts . . . [and] have shown their proficiency in this case[.]"); *Kelly v. Business Information Group*, C.A. 15-6668, 2019 WL 414915 (E.D. Pa. 2019) (firm "qualified and experienced attorneys" --- Francis & Mailman, P.C., of Philadelphia . . . who have substantial experience in class action and FCRA consumer litigation and who are qualified to conduct the litigation."); and *Larson v. Trans Union, LLC*, C.A. 12-cv-05726, 2015 WL 3945052, at *12 (N.D. Cal. June 26, 2015) (appointing firm as class counsel on contested motion).

### 3.    The Strong Result Obtained For The Class Emphasizes The Reasonableness Of The Requested Fee Award

Once it has determined the lodestar, a district court may adjust it either upwards or downwards based upon "reasonableness" factors first announced in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[8] Although Class Counsel does not seek an upward adjustment of their lodestar and does not believe that a downward adjustment is appropriate, a survey of these factors underscore the reasonableness of Class Counsel's request.

The most important *Kerr* factor is the benefit obtained for the class. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941-942 (9th Cir. 2011) (citing *Hensley*, 461 U.S. at 434–36). Having obtained a recovery for all Settlement Class Members at the highest end of the statutory damages range under the FCRA, without the need to make a claim, and avoiding the risk of trial and further litigation including on appeal, it is plain that Class Counsel's efforts resulted in a substantial benefit for the Class.

Because both the hours expended and hourly rates charged are reasonable in light of the history and nature of this case, and the skill, experience, and expertise of Class Counsel, and in light of the excellent result obtained for Class Members, the Court should award the requested lodestar figure in full.

### B.    The Court Should Award $94,440.52 In Litigation Expenses

Non-taxable costs are appropriately awarded as part of the requested award of attorneys' fees under the FCRA's fee-shifting provision. *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d

---

[8]    These are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

577, 583 (9th Cir. 2010). In a class action, the court may award reasonable litigation costs "that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

As set forth in the declarations of counsel, Class Counsel incurred $94,440.52 in litigation expenses, primarily to cover expenses related to filing, depositions and hearing transcripts, travel-related expenses, mediation and expert fees, and administrative costs such as mailing, and messenger expenses. Soumilas Decl. ¶ 32 and Exhibit D thereto; Sola Decl. ¶ 43. These out-of-pocket costs were necessary to secure the resolution of this litigation and should be recouped. *Prison Legal News*, 2014 WL 1225100, at *11 (litigation expenses recoverable where provided for by statute and consistent with prevailing practice); *see also In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in a class action litigation). The out-of-pocket expenses here were reasonably incurred and should be reimbursed consistent with the Settlement Agreement.

## VII. CONCLUSION

For all of the reasons set forth above, the Motions for Awards of Attorneys' Fees, Costs and Litigation Expenses should be granted, and Plaintiff respectfully requests that the Court enter an Order awarding Class Counsel a total of $4,375,719.32 in attorneys' fees and litigation costs and expenses.

Dated:  January 24, 2025                Respectfully,

                                        BONNIE MAGALLON, *by her attorneys*,

                                        */s/ John Soumilas*
                                        James A. Francis
                                        John Soumilas
                                        Lauren KW Brennan
                                        **FRANCIS MAILMAN SOUMILAS, P.C.**
                                        1600 Market Street, Suite 2510
                                        Philadelphia, PA 19103
                                        (T) 215-735-8600
                                        (F) 215-940-8000
                                        jfrancis@consumerlawfirm.com
                                        jsoumilas@consumerlawfirm.com
                                        lbrennan@consumerlawfirm.com

                                        **ROBERT S. SOLA**
                                        Oregon State Bar No. 4454
                                        Robert S. Sola, P.C.
                                        1500 S.W. First Ave., Suite 800
                                        Portland, Oregon 97201
                                        Telephone (503) 295-6880
                                        Facsimile (503) 243-4546
                                        rssola@msn.com

                                        *Attorneys for Plaintiff and the certified Class*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court using

the CM/ECF system which will send notification of such filing to the CM/ECF participants.

Dated:  January 24, 2025                */s/ John Soumilas*