IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BONNIE MAGALLON**, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ROBERT HALF INTERNATIONAL INC.**,<br><br>Defendant. | Case No. 6:13-cv-1478-SI<br><br>**OPINION AND ORDER AWARDING ATTORNEY'S FEES** |

Robert S. Sola, ROBERT S. SOLA PC, 1500 SW First Avenue, Suite 800, Portland, OR 97201; and James A. Francis, John Soumilas; and Lauren K.W. Brennan, FRANCIS MAILMAN SOUMILAS PC, 1600 Market Street, Suite 2510, Philadelphia, PA 19103. Of Attorneys for Plaintiffs.

Sarah J. Crooks, PERKINS COIE LLP, 1120 NW Couch Street, Tenth Floor, Portland, OR 97209; Robert T. Quackenboss, Kevin J. White, and Evangeline C. Paschal, HUNTON ANDREWS KURTH LLP, 2200 Pennsylvania Avenue NW, Washington, DC 20037; and Roland M. Juarez, HUNTON ANDREWS KURTH LLP, 550 South Hope Street, Suite 2000, Los Angeles, CA 90071. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Named Plaintiff Bonnie Magallon, on behalf of a certified class, contends that Defendant Robert Half International Inc. violated the Fair Credit Reporting Act. The Court has approved a class settlement under which the parties agreed to seek an award of attorney's fees. Now before

the Court is Plaintiffs' motion for attorney's fees in the amount of $4,288,343.80 and costs in the amount of $103,364.46.[1] For the following reasons, the Court grants in part Plaintiffs' motion.

## STANDARDS

A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," is "readily administrable," and is "objective." *Id.* (emphasis in original). Additionally, one purpose of federal fee-shifting statutes is to ensure that a prevailing class counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees "yields a fee that is presumptively sufficient to achieve this objective." *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097,

---

[1] Plaintiffs originally requested $4,281,278.80 in fees and $94,440.52 in costs. Class Counsel then filed a supplemental declaration requesting an additional cost award of $8,923.94, stating that Class Counsel recently received an invoice from Plaintiffs' expert witness Evan Hendricks in that amount. ECF 314. Class Counsel also filed a further supplemental declaration requesting an additional fee award of $7,065 for time spent preparing the production of redacted billing records. ECF 328.

1102 (9th Cir. 2009).² A district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013). In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Id*. at 1203. Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id*. (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id.* (quoting *Gates*, 987 F.2d at 1400). The Ninth Circuit recognizes one exception to this rule: "[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Id*. (alteration in original) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

---

² It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quotation marks omitted).

In addition, other courts, including the District of Oregon, specifically caution against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See, e.g.*, U.S. District Court, District of Oregon, Message from the Court Regarding Fee Petitions, *available at* https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/public-notices/355-fee-petitions (last updated Nov. 21, 2024). Block billing is defined as "any time entry of three or more hours either containing four or more tasks, or in the alternative containing two or more tasks, where at least one of the tasks could have taken anywhere from a small to a substantial amount of time." *Bala v. Or. Health & Sci. Univ.*, 2024 WL 3785975, at *8 (D. Or. Aug. 12, 2024) (quotation marks omitted). Entries that "involve closely related but discretely identified tasks that are properly viewed as a unit" are not block billing. *Id.* The Court has applied this cautionary statement, noting that "the court may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah County*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)); *cf. Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011). For block-billing periods more than three hours, the Court reduces each applicable entry by fifty percent. *See, e.g.*, *Fathers & Daughters Nev., LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours. This calculation yields the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rate." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district

PAGE 4 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

court sits." *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.* at 1205-06.

Typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in this district have the benefit of several billing rate surveys. One is the Oregon State Bar 2022 Economic Survey (OSB 2022 Survey), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. *See* https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf (last visited on May 7, 2025).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar calculation.[3] *See id.* at 552-54 (finding that, in certain circumstances, the superior performance of

---

[3] Factors that may be relevant to the reasonableness of a fee include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, . . . [(6)] time limitations imposed by the client or the circumstances, [(7)] the amount involved and the results obtained, [(8)] the experience, reputation, and ability of the attorneys, [(9)] the "undesirability" of the case, [(10)] the nature and length of the

PAGE 5 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled" (emphasis in original)).

## BACKGROUND

The parties filed a notice of settlement on October 11, 2024. ECF 294. Under the terms of the settlement agreement, Class Counsel was to provide an outline of its proposed fee petition to Defendant within 30 days of the notice of settlement. ECF 303-1 at 31. "This outline will include detailed identification of Class Counsel's lodestar (total hours expended in litigating this matter including anticipated time necessary to complete the settlement approval and administration process, times their reasonable hourly rates)." *Id.* at 31-32. The agreement does not define "detailed identification." Defendant "reserves all rights to challenge the reasonableness of, and to oppose in whole or in part Plaintiff's claims for attorney's fees, costs and expenses, whether presented as a lodestar figure or in some other format." *Id.* at 10. The parties agreed to attempt to negotiate the fee petition within 75 days of the notice of settlement, with Defendant notifying Plaintiffs at the conclusion of the 75 days if it would oppose the fee petition.[4] *Id.* at 32. Plaintiffs agreed to file their fee petition not later than 110 days after the notice of settlement. *Id.*

---

professional relationship with the client, and [(11)] awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

[4] Plaintiffs argue that Defendant did not timely notify Plaintiffs of its intent to oppose the fee petition. Defendant argues that Plaintiffs never provided the required detailed identification

The parties attempted mediation on the amount of attorney's fees but were unable to reach an agreement. Plaintiffs timely filed their fee petition on January 24, 2025, requesting $4,281,278.80 in attorney's fees. ECF 305 at 9. Plaintiffs, however, did not provide detailed billing records. Instead, Plaintiffs submitted declarations from their attorneys summarizing the hours spent by each lawyer or paralegals during each of 12 phases of the litigation. ECF 306 at 10-13; ECF 307 at 6-7. Defendant moved to compel production of Plaintiffs' billing records, ECF 313, which the Court granted, ECF 317.

## DISCUSSION

Plaintiffs request attorney's fees in the amount of $4,288,343.80. Requests for attorney's fees must be made by a motion pursuant to Rule 54(d)(2) and Rule 23(h) of the Federal Rules of Civil Procedure. In addition, notice of the motion must be served on all parties and class members. Fed. R. Civ. P. 23(h). When settlement is proposed along with a motion for class certification, notice to class members of the fee motion ordinarily accompanies the notice of the settlement proposal itself. Fed. R. Civ. P. 23(h) advisory committee's notes to 2003 amendment. The deadline for class members to object to requested fees must be set after the motion for the fees and documents supporting the motion have been filed. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010). "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members." *Id.* at 994. Here, Plaintiffs filed their motion for attorney's fees and

---

of its lodestar. Regardless of whether Defendant formally notified Plaintiffs, it is clear from the parties' discussions of the proposed fee petition that Defendant would oppose that petition.

PAGE 7 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

supporting documents more than two months before the deadline to file objections, thereby complying with *In re Mercury*.

A.  **Lodestar**

Defendant argues that Plaintiffs' requested fee award, which is 1.9 times the total class recovery, is presumptively unreasonable. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011) ("If the lodestar amount overcompensates the attorneys according to the 25% benchmark standard, then a second look to evaluate the reasonableness of the hours worked and rates claimed is appropriate." (quotation marks omitted)). Plaintiffs respond that *In re Bluetooth*'s discussion of a "second look" applies to common fund class settlements, which this case is not. The Court agrees that, given that the award of attorney's fees does not affect the Class Members' recovery in this case, a percentage of recovery analysis is unnecessary here. Thus, Plaintiffs' lodestar is not presumptively unreasonable.

B.  **Hourly Rates**

Plaintiffs request hourly rates ranging from $345 per hour for paralegals to $923 per hour for an attorney with 49 years of experience. The rates for attorneys are based on the 95th percentile of the 2022 OSB Economic Survey and the rates for paralegals are based on the median of the survey, adjusted for inflation to reach the 2025 hourly rate.[5] Plaintiffs argue that

---

[5] Under Ninth Circuit law, "district courts have the discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use funds." *Gates*, 987 F.2d at 1406. "[T]he length of the delay in payment indeed is a consideration in deciding whether an award of current rather than historic rates is warranted." *Id.* at 1407. The Ninth Circuit held that a delay of more than three years was sufficient to warrant an inflation discussion, noting that the delay was "particularly onerous given that the fees awarded in this case, even without the 2.0 multiplier, runs in the millions of dollars." *Id.* In this case, Class Counsel has waited more than a decade for compensation, and the fees are in the millions of dollars. Therefore, the Court exercises its discretion to adjust Class Counsel's rates for inflation.

PAGE 8 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

these hourly rates reflect the skill, experience, and expertise of class counsel in consumer class actions, particularly those brought under the FCRA.

Defendant argues that Plaintiffs' requested fees at the 95th percentile are unreasonable and that the median hourly rates should be used instead. Defendant contends that this district has rarely approved hourly rates for plaintiff-side civil litigation at the 95th percentile. *See, e.g.*, *Campista v. Creditors Fin. Grp.*, 2014 WL 127083, at *3 (D. Or. Jan. 13, 2014) (awarding rates at the 75th percentile). Plaintiffs respond that courts often award rates at the 95th percentile where counsel has sufficient specialization and expertise, and the case is complex. *See, e.g.*, *Demmings v. KKW Trucking, Inc.*, 2018 WL 4495461, at *16 (D. Or. Sept. 19, 2018); *Wilkens v. Edwards*, 2016 WL 1271663, at *2 (D. Or. Mar. 29, 2016); *United States v. W. Radio Servs. Co.*, 2014 WL 1281050, at *5 (D. Or. Mar. 27, 2014) (awarding rates at the 95th percentile and 12 percent more than the 95th percentile), *aff'd sub nom. United States v. W. Radio Servs. Co., Inc.*, 671 F. App'x 460 (9th Cir. 2016). The Court agrees that, based on the complexity of this case and Class Counsel's extensive experience and expertise in this field, rates at the 95th percentile are reasonable. The Court thus allows rates of $806 per hour for John Soumilas, $806 per hour for James Francis, $656 per hour for Lauren Brennan, $656 per hour for Jordan Sartell, $923 per hour for David Searles, $923 per hour for Robert Sola, and $597 per hour for Shidon Aflatooni.

Defendant also objects to Plaintiffs' use of the median hourly rate for attorneys with 0 to 3 years of experience as the rate for 7 unnamed paralegals. Plaintiffs respond that this district

---

Plaintiffs calculated the inflated rates using usinflationcalculator.com. Defendant proposes that the Court calculate the inflated rates using the Consumer Price Index ("CPI"). Plaintiffs reply that usinflationcalculator.com explicitly states that it *is itself* based on the CPI. The Court thus accepts Plaintiffs' inflation calculations.

has held that a reasonable paralegal rate should not exceed that of a first-year associate. *See Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1248-49 (D. Or. 2013) (collecting cases). These cases, however, often awarded hourly rates below the average rates for first-year associates, and only varied upwards when the paralegal had extensive experience. Plaintiffs do not provide evidence of the paralegals' experience, certificates, or other qualifications. The highest rate that the Court was able to find that has been approved for paralegals without evidence of their qualifications is $250. *See Wyatt B. v. Kotek*, 2024 WL 4867082, at *9 (D. Or. Nov. 22, 2024) (allowing an hourly rate of $250 per hour for all paralegals, even those whose educational backgrounds were not provided); *Mondragon Martinez v. Contreras*, 2024 WL 4528208, at *5 (D. Or. Oct. 17, 2024) (relying on the 2022 National Utilization and Compensation Survey Report published by NALA: The Paralegal Association to conclude that "an hourly rate of $185 is reasonable for paralegals on this matter" where the petitioner did "not provide information regarding the paralegals' experience, degrees, or certificates nor [did the petitioner] cite any report supporting the proposed rates"); *Meyer v. Mittal*, 2025 WL 654075, at *6 (D. Or. Feb. 28, 2025) ("[A]bsent evidence of [the paralegal's] experience, paralegal certificates, other qualifications, the requested rate of $150 per hour is reasonable for hours expended in 2022 and a rate of $175 per hour is reasonable for hours expended in 2023 and 2024."). The Court thus approves rates of $250 per hour for paralegals.

### C. Number of Hours

Plaintiffs request fees for a total of 5,851.4 hours.[6] Plaintiffs argue that the Paschal Declaration is too vague for Class Counsel or the Court to evaluate the basis for Defendant's

---

[6] Plaintiffs appear to have made a typographical error in their motion for fees when they state that attorneys associated with Robert S. Sola P.C. expended 1520 hours on this case.

PAGE 10 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

objections, given that it does not explain how entries were classified. Because the Court is in possession of Class Counsel's billing records, the Court can adequately evaluate the objections.

### 1. Block Billing

Defendant challenges 545 hours' worth of time entries as including block billing. Plaintiffs respond that most of these entries are less than three hours and that the rest relate to a single task and thus are not block billing.

Many of Class Counsel's time entries contain four or more tasks, or two or more tasks where at least one task could have taken anywhere from a small to a substantial amount of time. Most of these entries, however, involve closely related tasks "that are properly viewed as a unit." *See Bala v. Or. Health & Sci. Univ.*, 2024 WL 3785975, at *8. The Court identifies only 27 entries that constitutes block-billing under this definition, for a total of 98.6 hours billed by Mr. Soumilas, 16.5 hours billed by Mr. Sola, and 8.8 hours billed by paralegals. The Court thus decreases these entries by 50 percent, to 49.3 hours billed by Mr. Soumilas, 8.25 hours billed by Mr. Sola, and 4.4 hours billed by paralegals.

### 2. Vague Activity Descriptions

Defendant also objects to 289 hours' worth of time entries with allegedly "vague" activity descriptions. For example, Defendant cites many time entries that say, "file review/case status." It is reasonable for a partner on a case to spend time, the majority of which were 0.5 hours or less, reviewing a case. The Court thus does not exclude these hours. The Court has, however, identified time entries that are too vague to allow the Court to evaluate their

---

ECF 305 at 23. The declaration of Mr. Sola, however, clearly states that his firm spent a total of 858.1 hours on this case, ECF 307 ¶ 11, and the requested fee amount reflects those hours.

PAGE 11 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

reasonableness. The Court identifies 0.1 hour by Ms. Brennan, 1.6 hours by Mr. Soumilas, and 2.4 hours by paralegals. The Court excludes these hours in full.

Defendant also objects to time entries including "future estimated time" as vague. *See* ECF 320-1 at 53-55. Plaintiffs stated in their fee motion that Class Counsel's records have been updated to "properly estimate time going forward from January 22, 2025 through the end of the case." ECF 305 at 12 n.2. During the final approval hearing, Class Counsel stated that they had provided updated billing records. In Class Counsel's billing records submitted to the Court on April 18, 2025 (ECF 325), however, Class Counsel includes multiple entries for "future estimated" time. The Court identifies 54.8 hours by Ms. Brennan, 42.5 hours by Mr. Soumilas, and 15.5 hours by paralegals spent on "future estimated time." The Court excludes these hours in full.

### 3. Time Related to Work with Excluded Expert Dr. Willis

Defendant objects to 35.5 hours spent on work relating to Plaintiffs' expert Dr. Linsey Willis, whose testimony was excluded in total. *See* ECF 269 (Opinion and Order excluding Dr. Willis's testimony). Defendant argues that time spent on unsuccessful tasks should be excluded as not reasonably necessary to obtain the beneficial result. *See, e.g.*, *Wilson v. Decibels of Or., Inc.*, 2018 WL 3863489, at *10-11 (D. Or. Aug. 14, 2018) (reducing by 50 percent time entries related to "unsuccessful collective action claim, but that . . . may have yielded witness statements and other information relevant to" successful claims); *Granville v. City of Portland*, 2006 WL 8459251, at *3 (D. Or. Oct. 16, 2006) (striking from fee calculation time spent on three unsuccessful motions because the plaintiff did not demonstrate that they were "reasonably necessary to the successful prosecution of [their] claims" (alteration in original) (quotation marks omitted)); *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110 (E.D. Cal. 2011) (disallowing fee recovery for unsuccessful motions for reconsideration which

PAGE 12 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

"demonstrated manifest confusion of the relevant legal standards"). Defendant notes that some of the time entries it objects to include work not related to Dr. Willis, but argues that these entries should be excluded, or at least reduced by 50 percent, so that Plaintiffs do not benefit from improper block billing. Plaintiffs respond that Dr. Willis's expert testimony as to the single claim in this case was reasonably necessary to the successful prosecution of Plaintiffs' claims, as shown by the excellent results reached in this case.

The Ninth Circuit has noted that a plaintiff may recover fees for time spent on an unsuccessful motion if that motion contributed to a plaintiff's ultimate success. *See Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003) ("Even though the summary judgment motion failed, work done to prepare the motion on those theories could have contributed to the final result achieved."). Accordingly, the district court should consider whether the hours expended on the unsuccessful motion were "reasonably spent in pursuit of the litigation." *Jacobson v. Persolve, LLC*, 2016 WL 7230873, at *11 (N.D. Cal. Dec. 14, 2016) (quotation marks omitted). "Courts have excluded or reduced hours on unsuccessful motions where those motions were not factually or legally related to the claims in the lawsuit. Courts also have excluded or reduced time where the motions were deficient or had no legal basis." *Id.* (citation omitted).

Class Counsel's work with Dr. Willis arguably contributed to Plaintiffs' success in this case. Dr. Willis is a management and organizational consultant and Certified Senior Professional in Human Resources, who provided Plaintiffs with insight into the typical hiring process, timing of background checks, and how Defendant's notification process impacted the earnings capacity of temporary job candidates. Although the Court held that a jury would not need an expert witness to explain these opinions, Class Counsel's work with Dr. Willis was still helpful to the development of Plaintiffs' case. This work was "reasonably spent in pursuit of the litigation"; it

PAGE 13 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

is reasonable that a party would speak to and attempt to present expert witnesses before trial. Class Counsel's work with Dr. Willis was also factually and legally related to Plaintiffs' claims and was not clearly without a basis. Thus, the Court does not exclude these hours.

### 4. Partner-Level Billing

Defendant further objects to any excessive partner time, noting that 84 percent of the total hours included by Class Counsel in their lodestar was billed by four partner-level attorneys, including 46 percent billed by Mr. Soumilas. Defendant also objects to partner-level billing for routine drafting and legal research.

Plaintiffs respond that Class Counsel's firms are small—Mr. Sola was a solo practitioner for much of the litigation—and thus it is reasonable for partners to bill many hours, including for legal research and drafting. *See Congdon v. Uber Techs., Inc.*, 2019 WL 2327922, at *7 (N.D. Cal. May 31, 2019) (finding that because "class counsels' firms are small and lack a significant number of low billers," hours spent by partners on legal research was reasonable); *Dalmacio v. BMW of N. Am., LLC*, 2023 WL 8042566, at *7 (C.D. Cal. Oct. 18, 2023) ("[T]he Court disagrees with Defendant's apparent position that performing legal research is a standard litigation task that should be performed by a paralegal or associate." (cleaned up)). The Ninth Circuit has also instructed that a district court "may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Moreno*, 534 F.3d at 1115. Instead, "[t]he difficulty and skill level of the work performed, and the result achieved—not whether it would have been cheaper to delegate the work to other attorneys—must drive the district court's decision." *Id.* Given the small size of Class Counsel's firms and the Ninth Circuit's guidance, the partner-level billing by Class Counsel is reasonable.

PAGE 14 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

### 5. Clerical Tasks

Defendant also objects to billing for routine or clerical tasks, such as filing or serving documents and reviewing ECF notifications. Plaintiffs respond that reviewing court filings on ECF is important for attorneys to be knowledgeable about the case, make strategy decisions, and supervise junior attorneys, paralegals, and support staff.

Attorney's fees, including work performed by paralegals and law clerks, may not be recovered for tasks that are clerical in nature. *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989). "Courts consider tasks to be clerical, and thus not compensable in an attorney fee award, if they involve 'filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.'" *Goldingay v. Progressive Cas. Ins.*, 2019 WL 852992, at *7 (D. Or. Feb. 22, 2019) (quoting *Sterling Sav. Bank v. Sequoia Crossing, LLC*, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010)).

There are time entries in which Class Counsel "list[s] multiple tasks, some of which are clerical, without providing an explanation for how much time was spent on each task. This practice is known as block billing." *Runs Through v. Dschaak*, 2022 WL 1060589, at *3 (D. Mont. Apr. 8, 2022) (citing *Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)). District courts in this circuit vary in the reduction they apply to such hours. *See, e.g., id.* (applying a twenty percent fee reduction for such block-billed hours); *Cadawan v. Mercedes-Benz USA LLC*, 2024 WL 5317250, at *4 (C.D. Cal. Nov. 18, 2024) (applying a ten percent fee reduction for such block-billed hours); *Continental Pac., LLC v. DuBuclet*, 2022 WL 3328546, at *5 (D. Haw. July 15, 2022) (same), *report and recommendation adopted as modified*, 2022 WL 3279549 (D. Haw. Aug. 11, 2022); *HB Productions, Inc. v. Fazian*, 2022 WL 2529864, at *8 (D. Haw. June 7, 2022) (applying a five percent fee reduction for such block-billed hours);

PAGE 15 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

*Universal Servs. of Am. LP v. Mazzon*, 2024 WL 4418331, at *6 (D. Ariz. Oct. 4, 2024) (reducing block-billed time entries that included a clerical task by 0.1 hours); *Muradyan v. Mercedes-Benz USA, LLC*, 2025 WL 450355, at *4 (C.D. Cal. Jan. 21, 2025) (reducing block-billed time entry that included clerical tasks by 50 percent), *report and recommendation adopted*, 2025 WL 448033 (C.D. Cal. Feb. 8, 2025); *I.T. ex rel. Renee T. v. Dep't of Educ., Haw.*, 18 F. Supp. 3d 1047, 1054 (D. Haw. 2014) (entirely excluding the hours).

Some of Class Counsel's time entries include clerical tasks. Because the clerical tasks are billed with other substantive tasks and presumably do not "take up a significant amount of time," reducing these hours by ten percent "represents a just resolution to [the] inclusion of clerical work in the block billed entries." *Runs Through*, 2022 WL 1060589, at *3. These entries include 12 hours billed by Ms. Brennan and 75.8 hours billed by Mr. Soumilas. The Court reduces the total hours by ten percent: by 1.2 hours billed by Ms. Brennan and 7.58 hours billed by Mr. Soumilas. One entry by Mr. Soumilas on August 19, 2024, reports time spent filing a document that was filed a week before, on August 12, 2024. The Court thus excludes this entry of 0.3 hours in its entirety.

### 6. Multiple Time Entries for the Same Task

Defendant identifies 413 hours in which it argues that multiple attorneys billed for the same task. Class Counsel responds that the time entries "reflect the normal practice of conferral among co-counsel regarding strategy issues, collaboration and revision of written work, and supervision of the work of junior attorneys and paralegals."

The Ninth Circuit has explained that "[p]articipation of more than one attorney does not necessarily amount to unnecessary duplication of effort." *Democratic Party of Wash. State v. Reed,* 388 F.3d 1281, 1286 (9th Cir. 2004). District courts accordingly have awarded fees reflecting collaboration by attorneys on tasks "as long as it reflects the distinct contribution of

PAGE 16 – OPINION AND ORDER AWARDING ATTORNEY'S FEES

each lawyer to the case and the customary practice of multiple-lawyer litigation." *United States v. Montagne Dev., Inc.*, 2014 WL 2334209, at *5 (D. Or. Mar. 10, 2014) (quotation marks omitted). The challenged time entries here, which primarily involve research and drafting, are the type of entries in which collaboration is common and each lawyer contributes. The Court thus awards the time for these entries in full.

### 7. Conclusion

The Court allows 575.3 hours for Mr. Francis, 2,605.02 hours for Mr. Soumilas, 750.5 hours for Ms. Brennan, 34.9 hours for Mr. Sartell, 27.9 hours for Mr. Searles, 820 hours for paralegals, 798.55 hours for Mr. Sola, and 51.3 hours for Mr. Aflatooni, for a total fee award of $4,076,999.77.

## D. Costs

Plaintiffs request $103,364.46 in litigation expenses related to filing, deposition and hearing transcripts, travel, mediation and expert fees, and administrative costs. Defendant objects to costs related to Dr. Willis; to Plaintiffs' use of out-of-state counsel when Mr. Sola was involved; and to costs that Defendant argues should be considered overhead.[7]

As discussed above, the Court does not exclude costs related to Dr. Willis. The Court holds that Plaintiffs' expenses for long-distance phone charges, photocopying, and postage are recoverable. *See In re Toys R Us-Del., Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 469 (C.D. Cal. 2014) (holding that expenses for photocopying, long-distance telephone calls, and postage are typically recoverable); *Prison Legal News v. Columbia*

---

[7] Defendant objects to expenses for: (1) Mr. Soumilas's travel to Portland, including lodging, meals and ground transportation; (2) Mr. Soumilas's air travel to San Francisco from Pennsylvania, rather than from Portland, for a deposition; (3) pro hac vice fees for out-of-state counsel ($300); (4) long-distance phone calls; (5) photocopying; and (6) local postage.

*County*, 2014 WL 1225100, at *11 (D. Or. Mar. 24, 2014) (same). The charges for out-of-state counsel are also reasonable. *See Adidas Am., Inc. v. Payless Shoesource, Inc.*, 2009 WL 302246, at *2 (D. Or. Feb. 9, 2009) ("[P]ro hac vice fees are taxable as costs if reasonably necessary to prosecute the case."); *Azar v. Blount Int'l, Inc.*, 2019 WL 7372658, at *13 (D. Or. Dec. 31, 2019) (allowing costs for pro hac vice fees); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *9 (S.D. Cal. Dec. 6, 2018) (ordering reimbursement of expenses for travel where "majority of counsel reside outside of California and were required to travel for multiple hearings"). The Court thus awards Plaintiffs' requested costs in full.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion for Attorney Fees, Costs, and Litigation Expenses. ECF 305. The Court awards Plaintiffs $4,076,999.77 in attorney's fees and $103,364.46 in costs.

**IT IS SO ORDERED.**

DATED this 7th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 18 – OPINION AND ORDER AWARDING ATTORNEY'S FEES